EUGENE A. WRIGHT, Circuit Judge:
 

 The Reillys appeal pro se the district court’s order dismissing their adversary complaint. Because their notice of appeal was filed while a motion for rehearing was pending in the district court, we lack jurisdiction to hear their appeal.
 

 FACTS AND PROCEDURAL HISTORY
 

 In February 1977, the Reillys negotiated a loan from the Federal Land Bank of Spokane and gave as security a deed of trust to a ten-acre tract of land in Ravalli County, Montana. By February 1986, the Reillys were in default on the loan, having missed two annual payments, and had failed to pay real property taxes. The Bank initiated foreclosure proceedings.
 

 The Reillys first attempted to avoid foreclosure by filing a Chapter 11 petition in the U.S. Bankruptcy Court, District of Montana, in January 1986. The court lifted the automatic stay so that the Bank could continue with pending foreclosure proceedings in Montana state court. The property was sold at a nonjudicial foreclosure sale in March 1987. The Reillys’ appeal to the Bankruptcy Appellate Panel for the Ninth Circuit was dismissed as moot.
 

 In February 1987, while that appeal was pending, the Reillys sought to prevent foreclosure by filing an adversary proceeding in the bankruptcy court. They sought to void the deed of trust on the ground that the legal description was erroneous. The court dismissed their complaint, finding the deed valid under Montana law and not voidable under the Bankruptcy Code. The Reil-lys appealed to the U.S. District Court, District of Montana, which dismissed the appeal with prejudice.
 

 In June 1988, on a creditor’s motion, the bankruptcy court converted the Reillys’ bankruptcy to a Chapter 7 proceeding. The Reillys appealed. Following the conversion, the bankruptcy court modified its order lifting the automatic stay to allow the Bank to continue an unlawful detainer action in state court. That court found the Reillys guilty of unlawful detainer and issued an order of ejectment. In October 1989, the BAP affirmed the conversion. Five weeks later, the Montana Supreme Court dismissed the Reillys’ appeal of their ejectment, finding that the issues raised were based solely on federal bankruptcy law and had already been decided in the federal proceedings.
 

 In May 1989, the Reillys filed a second adversary complaint in the bankruptcy court, which is the basis of this appeal. The Reillys again complained, among other things, that the original order lifting the stay was improper. The bankruptcy court granted the Bank’s motion to dismiss the complaint.
 

 The Reillys appealed. In March 1991, they filed an amended brief in which they argued, apparently for the first time, that because Judge Peterson failed to disqualify himself at the outset, all decisions of the bankruptcy court should be set aside.
 
 [1]
 
 On
 
 *1076
 
 June 4,1991, the district court affirmed the bankruptcy court on all issues. First, the court held that the Reillys were barred by res judicata and collateral estoppel from challenging the order lifting the stay. Second, they failed to state a claim for relief under the Agricultural Credit Act of 1987 because the Act confers no private right of action. Third, res judicata barred their challenge to the validity of the deed of trust. The district court did not rule on whether Judge Peterson should have been disqualified.
 

 Having suffered yet another adverse decision, the Reillys sought a hearing before us. The fate of their appeal is determined by the timing of their filings following the district court order. On June 14, 1991, they filed in the district court a motion to reconsider. On July 8, 1991, while their motion to reconsider was pending, they filed a notice of appeal. On July 29, 1991, the district court entered an order denying the motion to reconsider.
 

 JURISDICTION
 

 We have jurisdiction to hear appeals from bankruptcy proceedings in which the district court or bankruptcy panel exercises appellate jurisdiction. 28 U.S.C. § 158(d). Such appeals are governed by the Federal Rules of Appellate Procedure, as amended in 1989. Fed.R.App.P. 6.
 

 Rule 4(a)(4) of the Federal Rules of Appellate Procedure provides that a notice of appeal filed before the disposition of a post-trial motion “shall have no effect.” However, Rule 4(a)(4) does not apply in bankruptcy proceedings in which the district court or bankruptcy panel exercises appellate jurisdiction. Fed.R.App.P. 6(b)(l)(i). In contrast, Bankruptcy Rule 8015, which governs motions for rehearing
 
 [2]
 
 by the district court or the bankruptcy appellate panel, is silent on the effect of appeals filed before a motion for rehearing is decided.
 
 See
 
 Bankr.Rule 8015, 11 U.S.C.A. (West Supp.1992). Rule 6(b)(2)(i) provides that, if a timely motion for rehearing is filed under Rule 8015, the time for appeal to the court of appeals runs from the entry of the order denying the rehearing.
 

 The Advisory Committee on Appellate Rules deliberately omitted any provision regarding the effect of an appeal filed before the entry of an order denying a rehearing because it wished to “leave undisturbed the current state of law in that area.” Fed.R.App.P. 6, Advisory Committee Notes, 1989 Amendment, subdivision (b)(2). At the time of the amendment, this circuit had held that a notice of appeal in a bankruptcy case is null if it was filed while a motion for rehearing was pending in the district court.
 
 In re Stringer,
 
 847 F.2d 549, 550 (9th Cir.1988). That holding is left undisturbed by the 1989 amendment of Fed.R.App.R. 6, and we reaffirm
 
 Stringer
 
 in this context.
 

 In their zeal to pursue all possible avenues of review, the Reillys filed a notice of appeal while their motion for reconsideration was pending before the district court. Their notice of appeal was premature and a nullity: “[I]t is as if no notice of appeal were filed at all. And if no notice of appeal is filed at all, the Court of Appeals lacks jurisdiction to act.”
 
 Griggs v. Provident Consumer Discount Co.,
 
 459 U.S. 56, 61,103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982) (per curiam). Because the Reillys failed to file a notice of appeal after the district court denied their motion for reconsideration, we are without jurisdiction to hear their appeal.
 

 Our holding does not deprive the Reillys of an opportunity to be heard. They have had their day in court; indeed they have had their days in many different courts. Clearly, they continue to feel aggrieved; but just as clearly, an unfavorable decision does not necessarily mean that a court has failed to fairly consider their arguments.
 

 
 *1077
 
 This appeal is dismissed for lack of jurisdiction.
 

 DISMISSED.
 

 [1]
 

 . Bankruptcy Judge John L. Peterson presided over the chapter 11 proceedings and both adversary proceedings in the bankruptcy court. In June 1986, in the original bankruptcy hearing, Judge Peterson advised the parties of his wife's minority stock interest in a creditor of the bankruptcy estate. He gave the parties the option of signing a remittal of disqualification or waiting for another bankruptcy judge. Both parties voluntarily signed the remittal.
 

 Under 28 U.S.C. § 455(e), a judge is not allowed to "accept from the parties to a proceeding a waiver of any ground for disqualification” based on the financial interest of the judge’s spouse. The Reillys did not seek review of the disqualification issue, however, until some five years and numerous proceedings later. While § 455 contains no explicit timeliness requirement, we have required that a motion to disqualify or recuse a judge under this section must be made in a timely fashion.
 
 Molina v. Rison,
 
 886 F.2d 1124, 1131 (9th Cir.1989).
 

 Moreover, in August 1990, while the present action was pending in district court, the Reillys filed a complaint with the Judicial Council of the Ninth Circuit alleging misconduct by Judge Peterson. We issued an order concluding that "[i]f the judge’s failure to recuse himself, despite the parties’ remittal, was conduct prejudicial to the effective and efficient administration of the
 
 *1076
 
 business of the courts, appropriate and corrective action has been taken and this complaint therefore should be closed.”
 
 In re Charge of Judicial Misconduct,
 
 No. 90-80054, at 4 (9th Cir. Jan. 11, 1991).
 

 [2]
 

 . The Reillys filed a motion for "reconsideration.” The terms "rehearing” and "reconsideration” are used interchangeably.
 
 See In re Shah,
 
 859 F.2d 1463, 1464 (10th Cir.1988);
 
 In the Matter of X-Cel, Inc.,
 
 823 F.2d 192, 194 (7th Cir. 1987).