28 F.3d 106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Romeo Alegato LAZO; Jane Strachan-Lazo, Debtors.
Romeo Alegato LAZO; Jane Strachan-Lazo, Appellants,
v.
Harold S. TAXEL, Chapter 7 Trustee; Bank of America
National Trust and Savings Association, Appellees.
 No. 93-56481.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided June 28, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Chapter 7 debtors Romeo Alegato Lazo and Jane Strachan-Lazo appeal pro se the Bankruptcy Appellate Panel's ("BAP") (1) July 19, 1993 decision affirming the bankruptcy court's denial of the Lazos' request for a status hearing on creditor Bank of America National Trust and Savings Association's ("Bank") motion to withdraw its unsecured claim no. 4, and (2) September 24, 1993 order sanctioning the Lazos for filing a frivolous appeal by awarding attorney's fees and double costs to the Bank. We dismiss for lack of jurisdiction the Lazos' appeal of the BAP's July 19, 1993 decision. As to the Lazos' appeal of the September 24, 1993 order, we have jurisdiction under 28 U.S.C. Sec. 158(d), and we affirm.
 
 
 3
 * Jurisdiction
 
 
 4
 The Bank contends that this court lacks jurisdiction over the Lazos' appeal of the BAP's July 19, 1993 decision because the notice of appeal was not filed timely. We agree.
 
 
 5
 Under 28 U.S.C. Sec. 158(d), this court has jurisdiction to hear "appeals from all final decisions, judgments, orders, and decrees entered" by the BAP reviewing the final decision of a bankruptcy court. See 28 U.S.C. Sec. 158(b); King v. Stanton (In re Stanton), 766 F.2d 1283, 1285 (9th Cir.1985) (order). With certain exceptions not applicable here, such appeals are governed by the Federal Rules of Appellate Procedure. Fed.R.App.P. 6(b)(1); see Reilly v. Hussey, 989 F.2d 1074, 1076 (9th Cir.1993).
 
 
 6
 Under Fed.R.App.P. 4(a)(1), a notice of appeal must be filed within 30 days of entry of the final judgment or order appealed from. See Hoag Ranches v. Stockton Prod. Credit Ass'n (In re Hoag Ranches), 846 F.2d 1225, 1227 (9th Cir.1988) (order) (applying Rule 4(a)(1) in bankruptcy context). "The filing of a timely notice of appeal is mandatory and jurisdictional." Vernon v. Heckler, 811 F.2d 1274, 1276 (9th Cir.1987) (citations and quotations omitted).
 
 
 7
 Fed.R.App.P. 6(b)(2)(i) provides that if a party files a timely motion for rehearing with the BAP, "the time for appeal to the court of appeals ... runs from the entry of the order disposing of the motion." See Reilly, 989 F.2d at 1076; Bankr.R. 8015. Unless the BAP otherwise provides, a motion for rehearing must be filed within ten days of the entry of judgment. Bankr.R. 8015.
 
 
 8
 On July 28, 1993, the Lazos filed a timely motion for rehearing of the BAP's July 19, 1993 decision. See id. The BAP denied the Lazos' motion on August 10, 1993. Under Rules 4(a)(1) and 6(b)(2)(i), the Lazos had until September 9, 1993 to file a notice of appeal from the BAP's July 19, 1993 decision. The Lazos did not file their notice of appeal, however, until October 4, 1993. Thus, this court lacks jurisdiction to consider the Lazos' appeal of the BAP's July 19, 1993 decision. See Vernon, 811 F.2d at 1276.
 
 
 9
 We proceed to consider the Lazos' appeal of the BAP's September 24, 1993 order awarding the Bank attorney's fees and double costs, however, because the Lazos' October 4, 1993 appeal is timely as to that order. See id.; Fed.R.App.P. 4(a)(1), 6(b)(1).
 
 II
 September 24, 1993 Order
 
 10
 The Lazos contend that the BAP erred by sanctioning them for filing a frivolous appeal and awarding the Bank attorney's fees and double costs. The Lazos' contention lacks merit.
 
 
 11
 This court reviews for abuse of discretion the BAP's imposition of sanctions for the filing of a frivolous appeal. See Akros Installations, Inc. v. Grand Nat'l Bank (In re Akros Installations, Inc.), 834 F.2d 1526, 1530 (9th Cir.1987).
 
 
 12
 On March 5, 1982, the Bank filed an unsecured claim with the Lazos' bankruptcy estate for a deficiency amount due on a promissory note. After the Lazos expressed concern about the claim[1] and the trustee informed the Bank that a dividend was unlikely, the Bank filed a withdrawal of its claim. The Lazos, who had been discharged from bankruptcy, moved for a "status hearing" on the Bank's claim withdrawal. The Bank then revoked its earlier claim withdrawal. Thereafter, the bankruptcy court denied the Lazos' hearing request on the grounds that (1) the matter was moot after the revocation, (2) the Lazos lacked standing to move for a hearing, and (3) a hearing was not required procedurally. The Lazos appealed the bankruptcy court's denial to the BAP.
 
 
 13
 Under Fed.R.App.P. 38, the BAP has the authority to award damages and single or double costs to an appellee for a frivolous appeal.[2] See Vasseli v. Wells Fargo Bank, Nat'l Ass'n (In re Vasseli), 5 F.3d 351, 353 (9th Cir.1993); see also Burkhart v. FDIC (In re Burkhart), 84 B.R. 658, 661 (Bankr. 9th Cir.1988). An appeal is frivolous pursuant to Rule 38 when the result is obvious or the arguments are wholly without merit. See Cannon v. Hawaii Corp. (In re Hawaii Corp.), 796 F.2d 1139, 1144 (9th Cir.1986); see also In re Burkhart, 84 B.R. at 661.
 
 
 14
 Our review of the record indicates that the BAP did not abuse its discretion by finding the Lazos' appeal frivolous and awarding sanctions against them. See In re Akros Installations, Inc., 834 F.2d at 1530; Fed.R.App.P. 38. First, the Lazos' arguments to the BAP completely failed to address the mootness basis of the bankruptcy court's decision. When a court is unable to grant any effective relief, an appeal becomes moot. Holloway v. United States, 789 F.2d 1372, 1373 (9th Cir.1986). Here, the Bank's revocation of its withdrawal of claim ended any possible need for a hearing, and, thus, the court was unable to provide the Lazos with the relief sought. See id. Second, although the Lazos' argued that they were entitled to third-party standing, they failed to show how they suffered a legally cognizable injury as a result of the Bank's withdrawal of claim and there was no hindrance to the trustee's ability to protect the estate's interest if so required. See Wauchope v. United States Dep't of State, 985 F.2d 1407, 1411 (9th Cir.1993); Darring v. Kincheloe, 783 F.2d 874, 877 (9th Cir.1986).
 
 
 15
 Finally, under Bankr.R. 3006,[3] a creditor generally has a right to withdraw a claim filed with the bankruptcy estate without a hearing or bankruptcy court order, simply by filing a notice of withdrawal. The Lazos argued, both before the bankruptcy court and the BAP, that a hearing was required because there was an ongoing adversary proceeding against the Bank and the Bank participated significantly in the case. Nevertheless, as the bankruptcy court correctly pointed out, the adversary proceeding the Lazos initiated against the Bank had been dismissed by a final order, and the Lazos failed to explain how the Bank's participation was significant. See Bankr.R. 3006.
 
 
 16
 In light of these considerations, the Lazos' arguments to the BAP were wholly meritless. See In re Hawaii Corp., 796 F.2d at 1144.
 
 III
 Appellate Sanctions
 
 17
 The Bank requests this court to impose sanctions against the Lazos because the BAP's decision was "overwhelmingly justified and correct" and the Lazos "advanced wholly meritless arguments."
 
 
 18
 This court has discretion to impose sanctions for a frivolous appeal, even where the appellant is pro se. 28 U.S.C. Sec. 1912; Fed.R.App.P. 38; Urban v. Commissioner, 964 F.2d 888, 890 (9th Cir.1992) (per curiam). As with a sanction award by the BAP, an appeal to this court "is frivolous if the result is obvious, or the arguments of error are wholly without merit." Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir.1988). Because we find that the Lazos' appeal to this court was wholly without merit and appears to have been filed solely for the purposes of harassment and delay, we sanction the Lazos in the amount of $1,000. See id. We do not impose sanctions lightly, however, because an appeal that lacks merit is not always frivolous. Grimes v. Commissioner, 806 F.2d 1451, 1454 (9th Cir.1986) (per curiam).
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Apparently, the Lazos mistakenly believed that although they had been discharged from bankruptcy and were no longer personally liable to the Bank, the Bank nevertheless could "come after them" to collect the deficiency
 
 
 [2]
 Under Bankr.App. Panel R. 13, the BAP may rely on the Federal Rules of Appellate Procedure when the Bankruptcy Rules and BAP rules are silent as to the particular matter of practice before the BAP. See Burkhart v. FDIC (In re Burkhart), 84 B.R. 658, 661 (Bankr. 9th Cir.1988). Thus, in awarding sanctions, the BAP may apply Fed.R.App.P. 38 because there is no relevant BAP rule, and Bankr.R. 9011, which tracks Fed.R.Civ.P. 11, applies only to the initial proceeding in bankruptcy court. See id.; In re Akros Installations, Inc., 834 F.2d at 1531
 
 
 [3]
 Bankr.R. 3006 provides in relevant part:
 A creditor may withdraw a claim as of right by filing a notice of withdrawal, except as provided in this rule. If after a creditor has filed a proof of claim an objection is filed thereto or a complaint is filed against that creditor in an adversary proceeding, or the creditor has accepted or rejected the plan or otherwise has participated significantly in the case, the creditor may not withdraw the claim except on order of the court after a hearing on notice to the trustee or debtor in possession, and any creditors' committee elected pursuant to Sec. 705(a) or appointed pursuant to Sec. 1102 of the Code.