In re Patrick Frank MOORE, Bankrupt.

Herbert and Debra MAGANA, Felipe and Kathy Rivera, Ronald and Sheila Hodge, Robert and Wilma Houghton, Plaintiffs,

v.

MOORE DEVELOPMENT CORPORATION, Patrick F. Moore, Defendants.

Bankruptcy No. 75–06177–PE.

United States Bankruptcy Court, C. D. California.

June 18, 1979.

Ronald L. Taylor, Nathan L. Rosenberg, Inland Counties Legal Services, Riverside, Cal., for plaintiffs.

## MEMORANDUM OF DECISION

P. ELLIOTT, Bankruptcy Judge.

Defendant's default was entered.

Mr. & Mrs. Hodge and Mr. & Mrs. Houghton have elected not to attempt to prove up their claim against defendant. Mr. & Mrs. Magana and Mr. & Mrs. Rivera appeared and testified.

Because the issue is a novel one, it has been extensively briefed by plaintiff's attorneys.

The plaintiffs claim that defendant violated their civil rights and that the resultant damages should not be released by the defendant's discharge in bankruptcy.

The issue presented is whether racial discrimination against plaintiffs culminating in evictions without cause from apartment managed by defendant, is a willful and malicious injury to the person or property of another.

Section 17a(8) of the Bankruptcy Act, 11 U.S.C. § 35(a)(8) provides in part:

> A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . (8) are liabilities for willful and malicious injuries to the person or property of another other than conversion as excepted under clause (2) of this subdivision.

This court's jurisdiction is found, not in the National Housing Act of 1968, 42 U.S.C. §§ 3603 and 3604 or 42 U.S.C. §§ 1981 and 1982 or in the 13th Amendment of the Constitution of the United States but rather in § 17c(3) of the Bankruptcy Act, 11 U.S.C. § 35(c)(3), which provides in part:

> After hearing upon notice, the court shall determine the dischargeability of any debt for which an application for such determination has been filed, . . and, if any debt is determined to be non-dischargeable, shall determine the remaining issues, render judgment, and make all orders necessary for the enforcement thereof.

Although jurisdiction is bottomed on the Bankruptcy Act, plaintiffs properly rely on the above civil rights statutes for their claim for relief.

Plaintiffs are members of interracial families. Each husband is of Mexican heritage and each wife is Caucasian. They and their children resided in the Corona Park Townhomes at the time that plaintiffs were advised by Patrick F. Moore that the Moore Development Company had purchased the said townhomes.

Prior to the change in ownership, the Corona Park Townhomes might fairly be characterized as integrated in that there were a significant number of minorities residing peaceably with their Caucasian neighbors.

Within the ninety (90) days following change in ownership, all of the plaintiffs were subjected to some form of racial discrimination by the management of Moore Development Company which culminated in the unjustifiable evictions of all of the plaintiffs and their families.

I find that the resident managers engaged in a conscious course of conduct to harass, embarrass and humiliate the plaintiffs with the motivation to encourage them to seek housing elsewhere. I find that the resident managers intentionally refused ordinary repairs and maintenance to the plaintiffs' apartments while providing those services to all Caucasian families.

Although there has been no showing that defendant Patrick Moore personally engaged in the reprehensible practices of racial discrimination practiced by the resident managers, as overall manager of Moore Development Company, he is responsible for the acts of his agents and employees, *Frank v. Michigan Paper Company,* 179 F. 776, 24 Am.B.R. 261, 4th Cir. (1910), I conclude that defendant Moore is liable for willful violations of 42 U.S.C. § 1982 and § 3604. § 1982 provides:

> All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

§ 3604 of title 42 specifically prohibits discrimination in rental housing or in the provision of services or facilities in connection therewith, because of race, color, religion, sex or national origin.

Although 42 U.S.C. § 3612 requires the action to enforce rights granted by § 3604 to be brought within 180 days after the alleged discrimination practice occurred and the plaintiff's complaint herein was filed over a year after the events, there is no hiatus because plaintiffs filed a civil case

against Moore and the Moore Development Corporation in the U. S. District Court, action CV 74–903 FW on the same claim for relief well within the 180 day period.

■ It is not necessary that there be physical abuse in order to find a willful and malicious injury to the person of another. Indeed, the humiliation felt by a minority person refused service because of their race, or who is forced from rental housing by harassment, may well be more painful to the recipient and longer lasting than the effect of a physical beating.

In a case in which the plaintiff was not physically struck, but rather his wife was seduced by defendant, the Supreme Court stated, in *Tinker v. Colwell*, 193 U.S. 473, 485, 487–88, 24 S.Ct. 505, 509, 48 L.Ed. 754 (1904):

> . . . a wilful disregard of what one knows to be his duty, an act which is against good morals, and wrongful in and of itself, and which necessarily causes injury and is done intentionally, may be said to be done wilfully and maliciously.

Both the Civil Rights Act of 1968 and the Post-Civil-War Civil Rights Statutes—as well as the Thirteenth Amendment—have as their express purpose the elimination of barriers, social and legal, to the full equality of the races. In the words of Justice Stewart in the landmark Supreme Court decision in *Jones v. Alfred Mayer Co.*, 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed. 1189 (1968), which action was brought under 42 U.S.C. §§ 1981 and 1982, and the Thirteenth Amendment:

> For this Court recognized long ago that, whatever else they may have encompassed, the badges and incidents of slavery—its' "burdens and disabilities"—included restraints upon "those fundamental rights which are the essence of civil freedom, namely, the same right . . . to inherit, purchase, lease, sell and convey property, as is enjoyed by white citizens." *Civil Rights Cases*, 109 U.S. 3, 22, 3 S.Ct. 18, 27 L.Ed. 835 . . . At the very least, the freedom that Congress is empowered to secure under the Thirteenth Amendment includes the freedom to buy whatever a white man can buy, the right to live wherever a white man can live. If Congress cannot say that being a free man means at least this much, then the Thirteenth Amendment made a promise the Nation cannot keep.

■ Discharge of debts arising from willful violations of these legal proscriptions would be inconsistent with the intent of Congress.

Plaintiffs' actual out of pocket damages are minimal. But they are entitled to recover general damages such as occur to their peace and happiness without the necessity of proof of any amount. I conclude that Felipe and Kathy Rivera are entitled to recover general damages in the sum of $2,500.00 and Herbert and Debra Magana are entitled to recover general damages of $1,500.00. Absent proof that Moore personally discriminated against the plaintiffs, and recalling that he had no ownership interest in Moore Development Corporation, it is not appropriate to assess punitive damages.

Counsel for plaintiffs may prepare a form of judgment, together with a declaration in support of any application for attorney's fees.