In re Randy GEE, Debtor.

In re STAR LIMOUSINE, INC., Debtor.

Randy GEE; Star Limousine, Inc., Appellants/Cross Appellees,

v.

Kelly HAMMOND, Appellee/Cross Appellant.

BAP Nos. WW–93–1789–BOR, WW–93–1841.

Bankruptcy Nos. 91–32836, 91–32837.

Adv. Nos. 91–34513, 91–34514.

United States Bankruptcy Appellate Panel, of the Ninth Circuit.

Argued and Submitted May 19, 1994.

Decided Sept. 29, 1994.

**190**

Tyler K. Firkins, Bellevue, WA, for appellants.

Ellen M. Ryan, Seattle, WA, for appellee.

Before BARR[1], OLLASON and RUSSELL, Bankruptcy Judges.

## OPINION

BARR, Bankruptcy Judge:

Creditor commenced an adversary proceeding seeking to except from discharge a debt arising from a state court judgment against the debtor for sex discrimination and willful withholding of wages under 11 U.S.C. § 523(a)(6)[2]. The bankruptcy court ruled that the judgment debt was nondischargeable and awarded the creditor attorney's fees incurred in prosecution of the adversary proceeding, 156 B.R. 291. The debtor appealed and the creditor filed a cross-appeal which she later withdrew. We AFFIRM the bankruptcy court's finding that the judgment debt is nondischargeable under § 523(a)(6) and REVERSE the bankruptcy court's award of attorney's fees.

## I. FACTS

Kelly Hammond ("Hammond"), a former employee of Star Limousine, Inc. ("Star Limousine"), filed a state court action against Star Limousine and Randy Gee ("Gee") for sex discrimination and willful withholding of wages in violation of Wash.Rev.Code Ann. §§ 49.60 and 49.52. In April, 1991, the state court entered judgment on a jury verdict for Hammond and awarded damages and attorney's fees in the approximate amounts of

---

**1.** The Honorable James N. Barr, Bankruptcy Judge for the Central District of California, sitting by designation.

**2.** Unless otherwise indicated, all Chapter, Section and Rule references are to the Bankruptcy Code, 11 U.S.C. § 101, *et seq.,* and to the Federal Rules of Bankruptcy Procedure, Rules 1001 *et seq.*

$650.00 and $13,000.00, respectively, in accordance with Wash.Rev.Code Ann. § 49.60.030(2).

On July 1, 1991, Star Limousine and Gee filed separate Chapter 7 petitions. Hammond filed complaints against Star Limousine and Gee seeking, among other things, to have the judgment debt deemed nondischargeable under § 523(a)(6). The bankruptcy court denied Hammond's motion for summary judgment because it concluded that a genuine issue of material fact existed as to whether Gee's conduct was intentional or merely negligent. It also dismissed the complaint against Star Limousine, noting that § 727(a)(1) precludes the discharge of a corporation's debts in a Chapter 7 case.

In its opinion dated July 9, 1993, the bankruptcy court noted that the state court jury had not rendered a special verdict and the state court had not issued any findings of fact or conclusions of law. However, the bankruptcy court concluded that the state court jury necessarily made the findings required by jury instructions nos. 9[3] and 10[4] in rendering a verdict for Hammond. In accordance with the doctrine of res judicata, the bankruptcy court gave the state court's judgment as to Gee's liability to Hammond preclusive effect. The bankruptcy court then held that Gee's debt to Hammond was nondischargeable under § 523(a)(6) because his acts of sex discrimination against Hammond were "deliberate and intentional, wrongful, necessarily produced harm, and [were] without just cause and excuse." The bankruptcy court awarded Hammond attorney's fees in the amount of $18,372.00 incurred in connection with the dischargeability action pursuant to Wash.Rev.Code Ann. § 49.60.030(2). On July 13, 1993, Gee filed a timely notice of

appeal[5]. Hammond subsequently filed a cross-appeal which she later withdrew.

## II. ISSUES

A. Whether the bankruptcy court erred in finding that Gee's conduct was "willful and malicious" under § 523(a)(6).

B. Whether the bankruptcy court erred in awarding attorney's fees to Hammond for legal services rendered in connection with the dischargeability action.

## III. STANDARD OF REVIEW

The bankruptcy court's conclusions of law are reviewed *de novo*, and its findings of fact are reviewed for clear error. *In re Siriani*, 967 F.2d 302, 303–04 (9th Cir.1992) (citing *In re Woodson Co.*, 813 F.2d 266 (9th Cir.1987)).

## IV. DISCUSSION

A. THE JUDGMENT DEBT IS NONDISCHARGEABLE UNDER § 523(a)(6) BECAUSE GEE'S ACTIONS WERE "WILLFUL AND MALICIOUS"

Section 523(a)(6) provides, "(a) A discharge under ... this title does not discharge an individual debtor from any debt—.... (6) for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6) (West 1993). Therefore, in order for the judgment debt to be nondischargeable under § 523(a)(6), Hammond must prove by a preponderance of the evidence that Gee's actions were "willful and malicious." *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991). The Ninth Circuit has

---

**3.** Jury instruction no. 9 required the state court jury to find by a preponderance of the evidence that Gee's advances:
   (a) were unwelcome, not solicited or incited by Hammond, and that she regarded it as undesirable and offensive;
   (b) were motivated by Hammond's gender;
   (c) affected the terms and conditions of her employment; and
   (d) were personally conducted by her employer's owner, manager or officer.

**4.** Under jury instruction no. 10, the state court jury was instructed that, in order to find that

Gee's actions affected the terms and conditions of Hammond's employment, it first had to determine that Gee's conduct was "sufficiently persuasive so as to alter the terms and conditions of her employment, considering the totality of the circumstances facing the Plaintiff [Hammond]."

**5.** Although both Star Limousine and Gee were listed as appellants in the caption of the pleadings filed in this appeal, the Panel's review of the pleadings indicates that Star Limousine did not appeal the bankruptcy court's judgment.

defined "willful and malicious" as "a wrongful act ... done intentionally, [which] necessarily produces harm and is without just cause or excuse ... *even absent proof of a specific intent to injure.*" *In re Cecchini*, 780 F.2d 1440, 1443 (9th Cir.1986) (emphasis added).

### 1. *Willful*

■ The term "willful" means "deliberate or intentional." H.R.Rep. No. 595, 95th Cong., 2nd Sess. 365 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6320. In *In re Britton*, 950 F.2d 602, 605 (9th Cir.1991), the Ninth Circuit held that a debtor's actions are "willful" under § 523(a)(6) if the debtor intended to perform the wrongful act.

Gee does not dispute that he made advances towards Hammond. Rather, he argues that the bankruptcy court improperly shifted the burden of proof to him on the issue of willfulness. In support of that argument, Gee points to the bankruptcy court's opinion which states, in part, that "Gee does not contend that his advances were negligent or accidental." Gee further argues there was insufficient evidence to find that his actions were deliberate or intentional and that the uncontroverted evidence shows that he did not intend to harm or injure Hammond.

■ A trial court's finding of fact can be overturned only if it is clearly erroneous. *Siriani*, 967 F.2d at 303–04. A finding is clearly erroneous if, after a review of the record, the appellate court is left with a firm and definite conviction that error has been committed. *In re Burkhart*, 84 B.R. 658, 660 (9th Cir. BAP 1988). Here, Gee has the burden of proving that the bankruptcy court's finding that his conduct was "willful" was clearly erroneous. *Burkhart*, 84 B.R. at 660. He is also responsible for filing excerpts of the record. Fed.R.Bankr.P. 8009(b).

■ Gee's arguments regarding the alleged shifting of the burden of proof and the insufficiency of the evidence must fail because he did not provide us with the relevant portions of the record from which we might discern the merits of those arguments.[6]

Gee's argument that the uncontroverted evidence shows that he did not intend to harm or injure Hammond is unavailing because Hammond was not required to prove such a specific intent. *Britton*, 950 F.2d at 605. The bankruptcy court gave preclusive effect to the state court's jury's finding that Gee made unwelcome advances towards Hammond and, as noted above, Gee did not dispute that finding. Therefore, we find that the bankruptcy court properly concluded that Gee's actions were "willful."

### 2. *Malicious*

■ In order to show "malice" under § 523(a)(6), a creditor must show: (a) that the debtor committed a wrongful act; (b) the act necessarily produced harm; and (c) the act was without justification or excuse. *In re Littleton*, 942 F.2d 551, 554 (9th Cir.1991). The phrase "necessarily produced harm" has been interpreted to mean that the "act must be targeted at the creditor, at least in the sense that the act is certain or almost certain to cause financial harm." *Littleton*, 942 F.2d at 555, quoting *In re Littleton*, 106 B.R. 632, 638 (9th Cir. BAP 1989) (emphasis omitted). The Ninth Circuit further refined its definition of malice by ruling that a creditor must show that the debtor had actual knowledge or the reasonable foreseeability that his conduct might result in injury to the creditor. *Britton*, 950 F.2d at 605.

### (a) *Wrongful act.*

■ Gee argues that the bankruptcy court erred in finding that his conduct was wrongful because sex discrimination is not an intentional tort under Washington state law. However, this characterization of "wrongful" is too narrow. Wrongful acts include conduct that infringes on the rights of others, particularly those rights protected by state or federal statutes. *See In re Moore*, 1 B.R. 52 (Bankr.C.D.Cal.1979) (debtor's acts of racial discrimination against minority tenants in violation of certain federal civil rights laws were "malicious" under former Section 17(a)(8) of the Bankruptcy Act of 1978).

---

**6.** Gee did not attach copies of, among other things, the bankruptcy court's opinion, the complete transcript of the adversary proceeding or the declarations of Hammond and Hammond's sister, Victoria.

Here, because it has been conclusively determined that Gee violated Wash.Rev.Code § 49.60, it is obvious that Gee's conduct was wrongful.

(b) *Act necessarily produced harm.*

Gee argues that the bankruptcy court erred in finding that his actions necessarily produced harm because there was no corollary finding that he knew his conduct would injure Hammond. He also argues that there was insufficient evidence presented at trial to make such a finding.

As noted above, the Ninth Circuit has ruled that this element of maliciousness is satisfied by evidence that the debtor knew that his actions would injure the creditor *or* that it was reasonably foreseeable that the debtor's actions would injure the creditor. *Britton,* 950 F.2d at 605. Since the bankruptcy court found that it was foreseeable that Gee's advances would injure Hammond, it did not have to consider Gee's subjective state of mind. We will not consider Gee's argument regarding the insufficiency of the evidence because, as noted above, the record on appeal is incomplete, obviating effective review by this Panel. Therefore, the bankruptcy court's conclusion regarding this element of maliciousness was valid.

(c) *Act was without justification or excuse.*

The bankruptcy court concluded that the evidence presented at trial proved that Gee's actions were without just cause or excuse and Gee did not dispute that ruling on appeal. Therefore, that element is established.

In sum, we find that Gee's actions were willful and malicious and that there was no just cause or excuse for his conduct. Therefore, we will affirm the bankruptcy court's finding that the judgment debt is nondischargeable under § 523(a)(6).

## B. THE ATTORNEY'S FEES WERE IMPROPERLY AWARDED

■ At the trial in the bankruptcy court, Gee apparently did not argue that Hammond was not entitled to attorney's fees incurred in connection with the adversary proceeding. Generally, a court of appeals will not consider an issue raised for the first time on appeal

even though it has the power and discretion to do so. *Bolker v. C.I.R.,* 760 F.2d 1039, 1042 (9th Cir.1985); *Hormel v. Helvering,* 312 U.S. 552, 557–59, 61 S.Ct. 719, 721–22, 85 L.Ed. 1037 (8th Cir.1941). The Ninth Circuit has recognized three exceptions to this rule: (1) when there is an exceptional case in which review is necessary to prevent miscarriage of justice or preserve the integrity of the judicial process; (2) when new issues arise while the appeal is pending because of a change in the law; or (3) when the issue is purely one of law and either does not depend on the factual record below or the pertinent record has been fully developed. *Bolker,* 760 F.2d at 1042. In this case, the issue of whether attorney's fees were properly awarded falls squarely within the third exception because it is solely a question of law which does not depend on the record. Thus, we will exercise our discretion to consider it.

■ This issue has been addressed recently by the courts in this circuit. In *In re Itule,* 114 B.R. 206, 207 (9th Cir. BAP 1990), the bankruptcy court entered judgment for a creditor in a dischargeability action under § 523(a)(4) and (a)(6) but denied the creditor's request for attorney's fees incurred in connection with the dischargeability action. On appeal, the creditor argued that the contract on which its claim arose provided for the recovery of attorney's fees to the prevailing party. The Bankruptcy Appellate Panel affirmed, holding that the creditor could not recover attorney's fees in the dischargeability action because its complaint was based not on the contract but on a federal cause of action (i.e., the determination that the debt owed was nondischargeable) under which attorney's fees are generally not recoverable. *See also In re Fobian,* 951 F.2d 1149, 1153 (9th Cir.1991) (prevailing party cannot recover attorney's fees where the litigated issues involved issues of bankruptcy law rather than contract law absent a showing of bad faith or harassment by the losing party.)

In the present case, Hammond's amended complaint was premised solely on a federal cause of action under § 523(a)(6). Following the reasoning set forth in *Itule* and *Fobian,*

we find that the bankruptcy court erred in granting attorney's fees to Hammond under Wash.Rev.Code Ann. § 49.60.030 because the bankruptcy court did not try the issues of liability and damages under that state law.

We will also deny Hammond's request for attorney's fees and costs in connection with this appeal because we find that Gee's arguments regarding the allowance of attorney's fees were not wholly without merit. *Mackey v. Pioneer National Bank,* 867 F.2d 520, 527 (9th Cir.1989).

## V. CONCLUSION

The bankruptcy court's judgment rendering Gee's debt to Hammond nondischargeable under § 523(a)(6) is AFFIRMED and the bankruptcy court's award of attorney's fees to Hammond is REVERSED.