
NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>LISA M. GARCIA,<br>　　　　　　Debtor. | BAP No.　CC-21-1041-GTF<br><br>Bk. No. 6:18-bk-10058-SC |
| LISA M. GARCIA,<br>　　　　　　Appellant,<br>v.<br>SAMEH FAWZY,<br>　　　　　　Appellee. | Adv. No. 6:18-ap-01065-SC<br><br>**MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Central District of California
Scott C. Clarkson, Bankruptcy Judge, Presiding

Before: GAN, TAYLOR, and FARIS, Bankruptcy Judges.

## INTRODUCTION

Chapter 7[1] debtor Lisa M. Garcia appeals the bankruptcy court's

order excepting from discharge, pursuant to § 523(a)(6), a state court

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of

judgment debt owed to Sameh Fawzy, consisting of damages for constructive fraud, conversion, punitive damages, and attorney's fees.

The bankruptcy court initially applied issue preclusion and entered judgment in favor of Fawzy, but we vacated that decision because the standard for imposing punitive damages under state law was insufficient to establish that Garcia willfully and maliciously injured Fawzy. *Garcia v. Fawzy (In re Garcia)*, BAP Nos. CC-19-1214-SGF, CC-19-1232-SGF, 2020 WL 5203201 (9th Cir. BAP Sept. 1, 2020). We remanded because the record suggested that the bankruptcy court may have alternatively intended to grant judgment based on the evidence presented at trial. Additionally, because the bankruptcy court did not identify which portions of the state court trial transcript it relied upon, we could not meaningfully evaluate Garcia's evidentiary objection.

After remand, the court clarified that it intended to enter judgment based on evidence submitted in the bankruptcy court. It specified the evidence in support of its decision, including portions of Garcia's testimony from the state court trial, and determined that Garcia acted willfully and maliciously to injure Fawzy. We AFFIRM.

---

Civil Procedure.

## FACTS

### A. Prepetition Events[2]

Fawzy and Garcia met in 2000 and were engaged in 2003. At the time of their engagement, Fawzy owned and operated a grocery store in Tennessee. Garcia loaned Fawzy approximately $50,000 to help fund the grocery store purchase.

During the first half of 2006, Garcia withdrew a total of $76,134.10 from the couple's joint bank accounts, without Fawzy's knowledge or approval. She also transferred funds from Fawzy's business bank account and transferred Fawzy's vehicle into her own name, without telling him, by signing his name on a title transfer document.

Later in 2006, Garcia and Fawzy ended their relationship. In late 2007, Fawzy filed a complaint in Arizona state court against Garcia seeking to recover the vehicle and the cash. Garcia filed a counterclaim, alleging that, by funding roughly half of the purchase price of the grocery store, she became Fawzy's business partner.

The state court held a jury trial in 2009. The jury found Garcia liable for $76,134.10 plus interest for constructive fraud arising from her withdrawals from the couple's joint checking accounts in 2006. The jury also found that Garcia converted the vehicle and funds taken from Fawzy's

---

[2] For a complete history of prepetition events, see *In re Garcia*, 2020 WL 5203201.

business bank account. The jury awarded Fawzy punitive damages and attorney's fees, and the court entered final judgment in the aggregate amount of $174,321.98. The jury denied Garcia relief on her breach of contract, partnership, and conversion counterclaims.

**B.      The Bankruptcy Case And Adversary Proceeding**

In 2019, Garcia filed a voluntary chapter 7 petition. Fawzy filed an adversary complaint seeking to except the debt from discharge under §§ 523(a)(2)(A) and (a)(6). The parties filed an amended joint pretrial statement, in which they stipulated to numerous admitted facts. At the pretrial conference, the parties discussed the admission and use of the state court trial transcript as an exhibit. The court stated that the transcript would be admitted, but it directed that any party seeking to prove the truth of a matter testified to in the state court trial would need to make that witness available for potential cross-examination.

At trial, Fawzy relied on his declaration, the admitted facts from the pretrial stipulation, and his argument that the state court judgment, jury verdict, and transcript demonstrated that he was entitled to issue preclusion on all elements of §§ 523(a)(2)(A) and (a)(6). Garcia testified by declaration that she and Fawzy were business partners and they agreed in February 2006 that Garcia would transfer her share of the proceeds from the sale of the grocery store to her personal bank account. She testified that Fawzy knew of the transfers from the couple's joint account, and he

directed Garcia, in April or May 2006, to transfer funds from his business account to her personal account.

The bankruptcy court admitted into evidence, over Garcia's objection, the state court trial transcript. The court also admitted, without objection, the state court order, jury verdict forms, and various exhibits admitted in the state court proceeding.

Garcia and Fawzy each testified at trial and were cross-examined. The bankruptcy court rendered oral findings of fact and conclusions of law, which it later supplemented with a memorandum decision. The court determined that issue preclusion applied to establish the elements of nondischargeability under § 523(a)(6) but not under § 523(a)(2)(A). Garcia appealed.

## C. The First Appeal And The Court's Decision On Remand

On appeal, we affirmed the court's ruling as it pertained to § 523(a)(2)(A), but we vacated the ruling with respect to its decision under § 523(a)(6). We held that the state court jury's finding that Garcia acted with an evil mind—which was required to impose punitive damages under Arizona law—was insufficient to establish that she acted willfully and maliciously because the Arizona standard requires a "substantial risk of harm," but § 523(a)(6) requires a subjective intent to injure or a subjective belief that injury was "substantially certain" to occur. *In re Garcia*, 2020 WL 5203201, at *6.

Although the record arguably suggested that the bankruptcy court may have intended to grant judgment based on stipulated facts and other evidence adduced in the bankruptcy court, the court did not make specific findings to permit us to evaluate the question or to properly consider Garcia's argument that the court erred by admitting the entire state court trial transcript. We remanded with instruction to the bankruptcy court "to clarify whether, in the absence of issue preclusion, the admissible evidence presented at the bankruptcy court trial, including specific parts of the state court trial transcript, established that Garcia acted willfully and maliciously within the meaning of § 523(a)(6)." *Id.* at *1.

After briefing from the parties, the bankruptcy court entered a memorandum decision clarifying that it intended to grant judgment on the § 523(a)(6) claim based on evidence presented at trial. The court relied on stipulated facts in the parties' amended joint pre-trial stipulation, testimony presented by both parties in the bankruptcy court trial, testimony given by Garcia in the state court trial, and the state court jury verdicts. The bankruptcy court did not rely on statements made by Fawzy or any other witness at the state court trial. It concluded that the portions of the state court transcript it relied upon were not inadmissible hearsay under Fed. R. Evid. 801(d)(1) and (d)(2)(A).

The bankruptcy court rejected Garcia's claim that she acted with just cause or excuse and found her testimony to be illogical and lacking credibility. Specifically, Garcia testified that she and Fawzy agreed to

6

divide proceeds from the sale of the business in February 2006, but the court questioned why she would agree to divide the proceeds if, as Garcia testified, she still intended to marry Fawzy until sometime between June 2006 and September 2006. The bankruptcy court also wondered why, at the state court trial, Garcia was unable to recall any details about the division of proceeds and reasoned, "the gravity of such a discussion regarding what, if anything, and how much each party is entitled to is not one that would be easily forgotten." And the court doubted that, if the parties had an agreement to divide the proceeds, Garcia would later feel compelled to reflect whether "keeping that money was a fair distribution on [her] time and money."

The court further questioned Garcia's declaration testimony that she and Fawzy agreed to close the joint bank account in March 2006 to simplify their accounts because Garcia previously testified that the reason for closing the account was because the relationship was not doing well, and Garcia did not know if they would be able to resolve their issues. The court also discounted Garcia's declaration testimony pertaining to her withdrawal of funds from the joint account because, at the state court trial, she could not remember why she withdrew the funds or what happened to the money.

The bankruptcy court found that Garcia demonstrated a subjective intent to inflict injury on Fawzy by transferring his money into her personal account and by transferring and retaining his car for her own use.

The court further found that Garcia acted maliciously because her actions were wrongful and intentional, necessarily injured Fawzy, and were done without just cause or excuse. Garcia timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Whether the bankruptcy court erred by admitting into evidence the state court transcript, and whether any evidentiary error was prejudicial to Garcia.

Whether the bankruptcy court erred by determining the judgment to be nondischargeable under § 523(a)(6).

## STANDARDS OF REVIEW

We review a bankruptcy court's evidentiary rulings for abuse of discretion, and then reverse only if any error would have been prejudicial to the appellant. *Van Zandt v. Mbunda (In re Mbunda)*, 484 B.R. 344, 351 (9th Cir. BAP 2012), *aff'd*, 604 F. App'x 552 (9th Cir. 2015). A bankruptcy court abuses its discretion if it applies an incorrect legal standard or its factual findings are illogical, implausible, or without support in the record. *TrafficSchool.com v. Edriver, Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

We review for clear error findings that an injury is willful and malicious. *See Gee v. Hammond (In re Gee)*, 173 B.R. 189, 192 (9th Cir. BAP

8

1994); *Thiara v. Spycher Bros. (In re Thiara)*, 285 B.R. 420, 427 (9th Cir. BAP 2002).

A factual finding is clearly erroneous if it is illogical, implausible, or without support in the record. *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985).

## DISCUSSION

On appeal, Garcia argues that the bankruptcy court erred by admitting her testimony from the state court trial and by not permitting her to cross-examine Fawzy on his state court testimony. She also contends that the court erred by admitting and relying upon the jury's findings, but she did not object to admission of that evidence and has thus waived the issue. *See Mano-Y & M, Ltd. v. Field (In re Mortg. Store, Inc.)*, 773 F.3d 990, 998 (9th Cir. 2014).[3] Garcia maintains that without the evidence from the state court trial, the court's findings are insufficient to establish nondischargeability under § 523(a)(6).

The bankruptcy court clarified that it relied on the state court transcript only for certain statements made by Garcia. We agree that Garcia's prior testimony was admissible under Fed. R. Evid. 801(d).

---

[3] Moreover, although the bankruptcy court cited the jury verdicts in support of its conclusion that Garcia acted without just cause or excuse, the primary basis for its conclusion was Garcia's lack of credibility.

9

Consequently, Garcia was not prejudiced by admission of the transcript and any error in initially admitting the entire transcript was harmless.

## A. The Bankruptcy Court Did Not Abuse Its Discretion By Admitting Garcia's Prior Sworn Testimony.

The bankruptcy court initially admitted the entire state court transcript. In the first appeal, we held that Garcia did not waive her hearsay objection to admission of the transcript, and, in order that we may meaningfully address the bankruptcy court's ruling, we directed the court to identify which portions of the transcript it was admitting and to specify for what purpose the testimony was allowed into evidence. On remand, the court identified specific testimony given by Garcia in the state court proceeding and overruled Garcia's objections on the basis that the prior testimony was not hearsay under Fed. R. Evid. 801(d)(1) and (d)(2)(A).[4]

Garcia argues that her prior statements were not "inconsistent" with her later testimony, but the bankruptcy court identified several instances in which Garcia's testimony in the bankruptcy court

---

[4] Fed. R. Evid. 801(d) provides that a statement that meets the following conditions is not hearsay:

> (1) A Declarant-Witness's Prior Statement. The declarant testifies and is subject to cross-examination about a prior statement, and the statement:
>
> > (A) is inconsistent with the declarant's testimony and was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition.
> >
> > . . .
>
> (2) An Opposing Party's Statement. The statement is offered against an opposing party and:
>
> > (A) was made by the party in an individual or representative capacity . . . .

differed materially from her testimony in the state court. Those prior statements are admissible under Fed. R. Evid. 801(d)(1)(A).

Furthermore, Garcia makes no cogent argument why her prior sworn testimony is not excepted from the rule against hearsay under Fed. R. Evid. 801(d)(2). There is no question that Garcia made the prior sworn statements in the state court and she is a party in this case. The bankruptcy court did not err by concluding that Garcia's prior testimony was admissible as a statement by a party opponent.

Garcia argues instead that admission of the entire transcript violated Civil Rule 32, made applicable by Rule 7032, and did not allow her a meaningful opportunity to cross-examine witnesses because willfulness and malice were not addressed in the state court action and were not the focus of cross-examination in that trial. She also maintains that she was not permitted to cross-examine Fawzy regarding statements he made in the state court trial and therefore was denied due process.

Garcia did have an opportunity to cross-examine Fawzy, but more importantly, the bankruptcy court did not rely on any of Fawzy's testimony from the state court trial. Because the court relied on the state court transcript only for Garcia's prior statements—and those statements were admissible—Garcia cannot show any prejudice, and any alleged evidentiary error was harmless.

11

**B.** **The Bankruptcy Court Did Not Clearly Err By Finding Debtor's Actions To Be Willful And Malicious.**

Section 523(a)(6) excepts from discharge debts arising from willful and malicious injuries to an entity or its property. *Ormsby v. First Am. Title Co. of Nev. (In re Ormsby)*, 591 F.3d 1199, 1206 (9th Cir. 2010). The willfulness and malice elements are legally distinct and require separate consideration. *Carrillo v. Su (In re Su)*, 290 F.3d 1140, 1146-47 (9th Cir. 2002).

Under § 523(a)(6), a debt arises from a "willful" injury when the debtor subjectively intended to cause injury to the creditor or subjectively believed that injury was substantially certain to occur. *In re Ormsby*, 591 F.3d at 1206. In evaluating willfulness, "the bankruptcy court may consider circumstantial evidence that tends to establish what the debtor must have actually known when taking the injury-producing action." *In re Su*, 290 F.3d at 1146 n.6.

A debt arises from a "malicious" injury when it is based on: "(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." *In re Ormsby*, 591 F.3d at 1207 (quoting *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1209 (9th Cir. 2001)).

Here, the bankruptcy court properly determined that Garcia must have known her actions would injure Fawzy. Ultimately, the court's decision turned on whether, as Garcia testified, the parties agreed to a division of proceeds or Fawzy otherwise directed her to take the assets. The bankruptcy court rejected Garcia's contention that she acted with just cause

because it found her testimony to be not credible. The court made sufficient factual findings that Garcia acted willfully and maliciously, and Garcia does not identify any clear error in the court's factual findings. We do not find clear error when there are two permissible views of the evidence, and we give even greater deference to a bankruptcy court's factual findings which are based on its determination of credibility. *Anderson*, 470 U.S. at 575.

## CONCLUSION

Based on the foregoing, we AFFIRM the bankruptcy court's order that the judgment debt is excepted from discharge under § 523(a)(6).