In re Eugene Douglas **BURKHART** and June Audrey **Burkhart**, Debtors.

Eugene Douglas **BURKHART** and June Audrey **Burkhart**, Appellants,

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Indian Springs State Bank, Appellees.**

BAP No. CC–86–1955–MeJV.

Bankruptcy No. LA–84–09345 BR.

United States Bankruptcy Appellate Panel, of the Ninth Circuit.

Submitted Without Oral Argument Oct. 7, 1987 *.

Decided March 30, 1988.

Circuit BAP Rule 3 and Bankruptcy Rule 8012.

Steven M. Dickson, Dickson & Pope, P.A., Topeka, Kan., for appellants.

Michael A. Rump, Morrison, Hecker, Curtis, Kuder, & Parrish, Overland Park, Kan., for appellees.

Before MEYERS, JONES and VOLINN, Bankruptcy Judges.

## OPINION

MEYERS, Bankruptcy Judge:

### I

Appellants, Eugene and June Burkhart, filed their Chapter 7 petition after Indian Springs State Bank ("Bank") called their $50,000 note. The Bank subsequently became insolvent and the Federal Deposit Insurance Corporation ("FDIC") was appointed its receiver. The FDIC brought a complaint to determine the dischargeability of the Burkharts' debt pursuant to Sections 523(a)(2)(A) and 523(a)(2)(B) of the Bankruptcy Code ("Code"). After a trial, the Bankruptcy Court entered a final judgment on October 8, 1986, declaring the obligation excepted from the discharge. From this judgment the Burkharts appeal. We AFFIRM.

## II

## FACTS

In 1982, Eugene and June Burkhart's then employer, Sam Dailey, asked them to apply for loans from the Bank. The loan proceeds would be released to Dailey to help fund a scheme to exchange negative cash flow properties for more profitable ones. Dailey told the Burkharts they would not be responsible for the repayment of the loan. He also told them that they should omit certain debts and obligations and inflate their income on their financial statements to help ensure they would qualify for the loan.

The Burkharts submitted a signed credit application to the Bank which described their financial condition. The application overstated the Burkharts' income by more than $200,000 and their assets by more than $100,000. The trial court found that the application was a materially false written financial statement submitted to the Bank with the intent to deceive and was reasonably relied on by the Bank in extending the $50,000 loan and was the proximate cause of its loss when the loan was not repaid.

## III

## DISCUSSION

We affirm because the record supports the Bankruptcy Court's findings of fact and the Burkharts' other arguments are without merit.

■ A trial court's findings can only be overturned if clearly erroneous. *See Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573–74, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518 (1985); *In re Kurdoghlian*, 30 B.R. 500, 501 (9th Cir. BAP 1983); *Matter of Torrez*, 63 B.R. 751, 753 (9th Cir. BAP 1986), *aff'd* 827 F.2d 1299 (9th Cir. 1987). A finding is clearly erroneous if, after a review of the record, the appellate court is left with a firm and definite conviction that error has been committed. *Kurdoghlian, supra*, 30 B.R. at 501. The appellant has the burden of showing a trial court's findings of fact are clearly erroneous. *See In re Eskenazi*, 6 B.R. 366, 369

(9th Cir. BAP 1980); *Matter of Torrez, supra*, 63 B.R. at 753. The responsibility to file an adequate record also rests with the Appellants. *In re Payeur*, 22 B.R. 516, 519 (1st Cir. BAP 1982); *Matter of Torrez, supra*, 63 B.R. at 753.

The excerpts of record initially filed in this appeal were not adequate because significant portions of the trial record were not included. The Findings of Fact and Conclusions of Law in this case make reference to several transcript pages and entire depositions which the Burkharts have not included in their appendix. The FDIC also makes reference to these items in its brief when referring to support in the record for the Bankruptcy Court's findings.

■ The clearly erroneous standard contemplates a review of all the relevant evidence. *See Anderson, supra*, 470 U.S. at 573–74, 105 S.Ct. at 1511–12; *In re Kurdoghlian, supra*, 30 B.R. at 501. We cannot be expected to have a firm and definite conviction that error has been committed if we have not had the opportunity to review the evidence the trial court itself cited in support of its findings. *See Matter of Torrez, supra*, 63 B.R. at 753; *In re Rehbein*, 60 B.R. 436, 441 n. 6 (9th Cir. BAP 1986).

■ The Burkharts did not furnish the entire record the trial court relied upon. Nor did they in the statement of facts, included in their statement of the case, cite the record for their many assertions about the background, conduct and substance of this litigation as required by Bankruptcy Rule 8010(a)(1). The argument included only four general references to the record and these references support the trial court's findings. After noting the opening brief's failure to properly cite the record, along with its failure to meet other requirements of Bankruptcy Rule 8010, the Panel issued a sua sponte order requesting the Appellants to file an amended brief which complied with the rule. The rule states that the brief of the appellant shall contain:

(A) A table of contents, with page references, and a table of cases alphabetically arranged, statutes and other authorities cited, with references to the pages of the brief where they are cited.

(B) A statement of the basis of appellate jurisdiction.

(C) A statement of the issues presented and the applicable standard of appellate review.

(D) A statement of the case. The statement shall first indicate briefly the nature of the case, the course of the proceedings, and the disposition in the court below. There shall follow a statement of the facts relevant to the issues presented for review, with appropriate references to the record.

(E) An argument. The argument may be preceded by a summary. The argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citation to the authorities, statutes and parts of the record relied on.

Bankruptcy Rule 8010(a)(1). After the Panel's order, the Burkharts filed an amended brief which was still not in compliance with the requirements of the Rules because it did not properly reference the record. The Appellants' continued failure to reference the record in that portion of the statement of the case labeled "Facts" has been a source of frustration to the Panel. The Burkharts make numerous assertions which the Panel, after examining the record supplied by both parties, cannot find in the record. The Panel has been forced to contact the Clerk of the Bankruptcy Court and order that the remainder of the record be sent to us for examination. This effort has revealed that many of the Burkharts' factual assertions are not grounded in the record.

Unsupported factual assertions impose on appellate courts the intolerable burden of reviewing the record to determine if the assertions were properly before the trial court. Parties should take care that every fact asserted is found in the record and that the record is adequate for review.

There is a trend in appellate courts to have the parties supply excerpts of the trial record for review on appeal. The practice is an attempt to improve efficiency by reducing the size of extraneous material the Panel must review. The Panel's efforts at economy and efficiency are hindered, however, where parties indiscriminately omit important documents or include copies from the parties' files instead of copies of documents filed with the court which show the date a document was entered, or in the alternative fail to include a copy of the trial court's docket. Appellants should know that an attempt to reverse the trial court's findings of fact will require the entire record relied upon by the trial court be supplied for review. *See Matter of Torrez, supra,* 63 B.R. at 753.

In this regard, the FDIC has moved for sanctions based on Bankruptcy Rule 9011. We are disposed to grant the motion, but will not do so under Rule 9011. The Ninth Circuit Court of Appeals has recently confirmed doubts, expressed in *Gonzales v. Parks,* 830 F.2d 1033, 1037 n. 8 (9th Cir.1987), concerning the applicability of Rule 9011 to appeals. In *In re Akros Installations, Inc.,* 834 F.2d 1526 (9th Cir. 1987) the Ninth Circuit ruled that the use of the word "Court" in Rule 9011 only refers to the bankruptcy court and "thus ... governs only the initial proceeding in bankruptcy court." 834 F.2d at 1531.

In a footnote in its motion for sanctions, the FDIC did refer to Federal Rule of Appellate Procedure 38, which provides for sanctions for bringing frivolous appeals. Under Rule 13 of the Rules of Procedure for the BAP, we may apply the Federal Rules of Appellate Procedure where the Bankruptcy Rules and the BAP Rules are silent as to a particular matter of practice before the Panel. *See also* Bankruptcy Rule 8018 and the enabling order of the Ninth Circuit Judicial Council dated May 3, 1985. Thus, we may apply Rule 38 in appropriate circumstances.[1]

Under Rule 38, if we determine that an appeal is frivolous, then damages and single or double costs may be awarded to the appellee. Cases interpreting Rule 38 indicate that a frivolous appeal is one where the result is obvious or the arguments are wholly without merit. *Matter of Hawaii Corp.,* 796 F.2d 1139, 1144 (9th Cir.1986); *In re Peoro,* 793 F.2d 1048, 1052 (9th Cir.1986).

---

1. This grant of power to award sanctions at the appellate level is akin to that vested in the

The appeal in the instant case is frivolous. A review of the record shows that the trial court's findings are well supported. We accordingly will award sanctions in the form of reimbursement of attorney's fees and double costs against the Burkharts' counsel.

We impose sanctions in this case not only because the appeal has no basis in the record, but also because the arguments presented by counsel for the Burkharts are groundless. Counsel argues that the FDIC waived their claim under Section 523(a)(2)(A) because it did not plead any facts which would support a Section 523(a)(2)(A) claim. The Burkharts' waiver argument fails because a pretrial order listed the FDIC's Section 523(a)(2)(A) argument as among the issues to be resolved at trial. A pretrial order controls the subsequent course of litigation. *See U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff,* 768 F.2d 1099 (9th Cir.1985). The pretrial order lists among the issues of fact, to be resolved at trial, whether the defendants executed the promissory note with intent and knowledge that they would not and could not repay the loan as provided by its terms, and whether the defendants had an intent to deceive the bank into believing that they would be personally liable on the note. The court found for the FDIC on the Section 523(a)(2)(A) claim based on its findings against the Burkharts on the factual issues as outlined in the pretrial order.

The Burkharts' last two arguments are also groundless. The Bankruptcy Court signed the Findings of Fact and Conclusions of Law submitted by the FDIC and thereby adopted them as its own. This in itself is not error. *See United States v. El Paso Natural Gas Co.,* 376 U.S. 651, 656, 84 S.Ct. 1044, 1047, 12 L.Ed.2d 12 (1964); *Unt v. Aerospace Corp.,* 765 F.2d 1440, 1445 (9th Cir.1985); *Hagans v. Andrus,* 651 F.2d 622, 626 (9th Cir.1981). The Burkharts' FDIC conspiracy assertions were not raised in the trial court and therefore not

properly before this Panel. *See United Continental Tuna Corp. v. United States,* 550 F.2d 569, 574 (9th Cir.1977); *In re Rehbein, supra* 60 B.R. at 441 n. 6; *In re Blumer,* 66 B.R. 109, 111 (9th Cir. BAP 1986), *aff'd* 826 F.2d 1069 (9th Cir.1987) (Table).

Finally, the argument presented by Appellants' counsel invites this Panel to roam through a non-existent record to achieve reversal. Counsel's argument as to sanctions displays indifference and insensitivity to the professional requirement of study and knowledge of statutory provisions and court rules relating to appellate procedure.

We AFFIRM the trial court and award attorney's fees and double costs against Burkharts' counsel. The case is REMANDED to the trial court for a determination of costs and attorney's fees.

---

Bankruptcy Courts acting as a trial court under Bankruptcy Rule 9011. These powers to impose sanctions not being based on a past Bankruptcy Rule or upon a section of the Code that has been repealed, do not run afoul of the ruling in

*In re Sequoia Auto Brokers Ltd., Inc.,* 827 F.2d 1281 (9th Cir.1987), which declared that the Bankruptcy Courts have no inherent contempt powers. *See Gonzales v. Parks, supra,* 830 F.2d at 1037 n. 7.