In re Lawrence J. PATTERSON, d/b/a Jubilee Mobile Home Park.

Civ. A. No. 90–3066.
Bankruptcy No. 89–21432.

United States District Court,
E.D. Pennsylvania.

Sept. 12, 1990.

Helen S. Campbell, Richard A. Umbenhauer, Lancaster, Pa., for plaintiffs.

James R. Leonard, Jr., Lancaster, Pa., Joseph Simmons, Philadelphia, Pa., for defendants.

OPINION

JOSEPH S. LORD, III, Senior District Judge.

Appellants seek reversal of a ruling by the bankruptcy court allowing the debtor in this case to reject an executory contract with them. I have jurisdiction under 28 U.S.C. § 158(a). The following facts are apparently not in dispute. The debtor and his wife sold a piece of real property to appellants for $105,000, on April 21, 1989. Appellants made a down-payment of $30,-000 on that date, and thereafter made monthly installment payments on the balance, to the debtor and his wife until July,

1989, and then, in a lesser amount, to Farmers First Bank ("the bank"), the holder of a first mortgage on the property. The debtor and his wife have yet to convey title to the property, and appellants have yet to pay the full amount owed under the agreement. Although the agreement represents that the bank had the only lien on the property, there were apparently some other liens in existence when the agreement was executed. Appellants did not make a lien search until about six months after they entered into the agreement, and after the debtor had filed for bankruptcy. When they did, they discovered thirteen judgment liens and two tax liens against the property. However, a number of these liens post-date the agreement.

After filing for bankruptcy protection, the debtor moved for leave to reject the agreement. After a hearing, the bankruptcy judge granted the motion. Appellants then filed this appeal from that decision. For the reasons that follow, I will affirm the decision of the bankruptcy judge.

■ Appellants do not contend that the bankruptcy judge applied the wrong legal standard. The parties agree that a debtor may reject an agreement if it is executory and if to do so is consistent with sound business judgment. *E.g., In re: Monge Oil Corp.*, 83 B.R. 305, 306 (Bankr.E.D.Pa. 1988). In this case, the parties agree, the agreement is executory, since performance remains due to some extent on both sides. *See id.* The parties also agree that the "business judgment" test is not a strict standard. It merely requires a showing that "rejection would benefit the estate." *In re: Bildisco*, 682 F.2d 72, 79 (3d Cir. 1982), *aff'd sub nom. N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984); *In re: W & L Associates, Inc.*, 71 B.R. 962, 966 (Bankr.E.D.Pa. 1987). Appellants contend, however, that the bankruptcy judge erred in finding that rejection of the agreement in this case was consistent with sound business judgment.

■ The decision of the bankruptcy judge as to the debtor's exercise of sound business judgment involves a finding of fact, *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1308 (5th Cir. 1985), and, as such, may not to be set aside unless it is clearly erroneous. *Frank v. Arnold*, 717 F.2d 100, 104 (3d Cir.1983) (citing Bankruptcy Rule 8013). In their appeal, appellants make various unsupported factual assertions. They then argue that application of the business judgment test to those asserted facts requires affirmation of the contract, or, alternatively, that the contract should be affirmed notwithstanding the business judgment test for equitable reasons.

■ Unsupported factual assertions are not enough to sustain appellants burden on this appeal. It is the appellant's burden to demonstrate why the bankruptcy judge's finding is clearly erroneous. In order to meet this burden, the appellant must file a record that is adequate to ensure meaningful appellate review, *In re Burkhart*, 84 B.R. 658 (Bankr. 9th Cir. 1988), and cite to the portions of the record that support his argument. Bankruptcy Rule 8010(a)(1)(E). Appellants inform me that the opinion of the bankruptcy judge is unreported; they have neither provided me with a transcript of the hearing held by the bankruptcy judge, nor cited to the portions of the hearing record that support their contentions. Thus, even assuming arguendo that appellants' legal contentions have merit, it is impossible on the present record to determine whether the finding of the bankruptcy court was clearly erroneous.

■ However, a review of appellants' legal contentions reveals that they are meritless in any event. Appellants argue, first, that only the benefit to the general, unsecured creditors of the estate, and not the benefit to secured creditors, may be considered under the business judgment rule. Based on this erroneous contention, they suggest that rejection of the agreement in this case is not consistent with sound business judgment because, even if the debtor resells the property to a third party at a higher price than appellants have agreed to pay, there will be nothing, or very little, left of the amount realized from the sale after paying off the mortgage, the thirteen judgment liens, and the two tax liens

against the property, and thus, rejection of the agreement will not benefit the general, unsecured creditors of the estate.

In fact, the bankruptcy court is clearly entitled to consider the benefit to the estate in general. If rejection of the agreement in this case will allow the debtor to resell it at a higher price and thus increase the amount of money to be distributed among creditors, it is hard to see how that rejection can fail to benefit the estate.

■ Appellants next contend that, notwithstanding the business judgment rule, the debtor should be required to affirm the agreement in this case for equitable reasons. First, they argue that, if the agreement is rejected, they will lose the amounts that they have already paid toward the purchase of the property, and thus be unfairly harmed. This argument fails because fairness to the buyer is irrelevant in determining whether a debtor may reject a contract. *In re: W & L Associates, Inc.*, *supra,* 71 B.R. at 966.

■ Second, they argue that the debtor should be required to affirm the agreement because he entered into it in bad faith, in that he was "aware of his severe and substantial financial problems and should have contemplated that a bankruptcy was a likely eventuality" and that he falsely represented to appellants that the only lien against the property was the first mortgage held by the bank. Appellants cite no authority for requiring affirmation of a contract entered into under these circumstances, nor does equity dictate that these circumstances should allow appellants to obtain the benefit of their contract at the expense of other creditors, and I find this argument to be meritless.

For all of the foregoing reasons, I will affirm the decision of the bankruptcy judge.