87 F.3d 1318
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re: Christopher Michael COTE, Debtor.
Christopher Michael COTE, dba: Cote Distribution Systems,
Inc., Appellant,
v.
TOM LOPES DISTRIBUTING COMPANY, INC., dba; Western States
Oil Company; Gilroy Unified School District;
Paul Cook; Luena Cook; London's
Transport Refrigeration
Services, Inc., Appellees.
 No. 94-16602.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 5, 1995.
Decided June 19, 1996.
 
 Before: BROWNING, CANBY AND HALL, CIRCUIT JUDGES.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Christopher Cote, debtor in the bankruptcy proceedings below, appeals the Bankruptcy Appellate Panel's ("BAP") denial of his motion for sanctions against Appellees Lopes Distributing Company and other creditors ("Creditors") pursuant to F.R.A.P. 38 and 28 U.S.C. § 1927. We have jurisdiction under 28 U.S.C. § 158(d). We reverse the BAP's denial of Cote's motion for sanctions pursuant to F.R.A.P. 38. We find it unnecessary to address the question whether sanctions were also required under section 1927.
 
 
 3
 We review the BAP's determinations regarding the imposition of sanctions for an abuse of discretion. Cf. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990) ("[A]n appellate court should apply an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination.")
 
 
 4
 F.R.A.P. 38 gives courts of appeals the authority to award "just damages" and single or double costs to the appellee if the court determines that an appeal is frivolous. Rule 38 applies to the BAP. Burkhart v. FDIC, 84 B.R. 658, 661 (9th Cir. BAP 1988). "An appeal is frivolous if the result is obvious...." Malhiot v. Southern Cal. Retail Clerks Union, 735 F.2d 1133, 1137 (9th Cir.1984), cert. denied, Jampol v. Southern Cal. Retail Clerks Union, 469 U.S. 1189 (1985).
 
 
 5
 As the parties are well aware, the BAP dismissed the Creditors' appeal because the record reflected that the district court had not entered the order that was purportedly the subject of the appeal. In light of the entire record, we conclude that the BAP abused its discretion in declining to award sanctions under Rule 38. The BAP stated no reason for its denial of Rule 38 sanctions. The result of an appeal when there is no final appealable order is obvious, and the deficiency rendered Creditors' appeal frivolous. See Malhiot, 735 F.2d at 1137. Despite repeated warnings that the existence of the order was at issue, Creditors took no remedial action and continued to insist in their briefs to the BAP that an appealable order had been entered when the record indicated otherwise. Their brief to the BAP disclaimed a responsibility, to prepare an order, that Creditors' attorney Mr. Thompson clearly undertook at the November 1993 hearing of the bankruptcy court. It also cited and relied a local rule that was inapplicable during the relevant time frame Before the BAP, Thompson misrepresented that he personally had handed a signed order to the clerk of court.[1]
 
 
 6
 In light of Creditors' repeated misrepresentations regarding the existence of a final appealable order, and their additional inaccurate representations concerning the circumstances surrounding the non-entry of the order, the BAP's failure to impose sanctions on Creditors and Thompson personally under Rule 38 was an abuse of discretion. Creditors' unjustified pursuit of its BAP appeal in the absence of an appealable order, after notice of that deficiency, wasted judicial resources and caused Cote unnecessary expenditures of time and money. We therefore remand this matter to the BAP for the imposition of Rule 38 sanctions on Creditors and Mr. Thompson, the nature and amount of sanctions to be established by the BAP on remand.
 
 
 7
 Because we reverse for imposition of sanctions under Rule 38, we have no need to address whether sanctions also ought to have been awarded under 28 U.S.C. § 1927.
 
 
 8
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 During oral argument before this court, Thompson stated that he had submitted a proposed order that the judge had refused to sign