**In re Elias Abrahim MASSOUD; Chucri I. Massoud and Aiko Iwashita Massoud, Debtors.**

**Elias Abrahim Massoud, Chucri I. Massoud, and Aiko Iwashita Massoud, Appellants,**

v.

**Ernie Goldberger & Co., Appellee.**

**BAP No. CC–99–1245–BMeMa. Bankruptcy Nos. LA–97–37348, LA–97–32199. Adversary Nos. LA–97–03046–LF, LA–9703045–LF.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted March 22, 2000.

Decided April 21, 2000.

Scott M. Radin, Los Angeles, CA, for
Elias Massoud, Churi Massoud, Aiko Massoud.

Richard D. Davis, El Monte, CA, for Ernie Goldberger & Company.

Before BRANDT, MEYERS, and MARLAR, Bankruptcy Judges.

## OPINION

BRANDT, Bankruptcy Judge.

After trial, the bankruptcy court entered judgment denying the discharge of all three debtors pursuant to §§ 727(a)(3) and (a)(5). Appellants assign error to the bankruptcy court's factual findings, but have failed to provide an adequate record on appeal. We therefore AFFIRM.

### I. FACTS

For approximately 20 years, brothers Chucri and Elias Massoud were general partners of Elie's Fine Jewelry ("EFJ") in Los Angeles, California. Aiko Massoud is the wife of Chucri Massoud. Mrs. Massoud worked in the business as a jewelry designer.

Chucri and Aiko Massoud filed a petition for relief under chapter 7[1] on 10 June 1997; Elias Massoud filed his chapter 7 petition on 17 July 1997. Appellee Ernie Goldberger & Co., a diamond dealer and jewelry manufacturer with which EFJ had a longstanding business relationship, filed timely adversary complaints against Chucri and Aiko Massoud and Elias Massoud (collectively, "Massouds"), objecting to dischargeability under § 523(a) and for denial of discharge pursuant to § 727(a). The adversary proceedings were consolidated for trial, with the § 523 and § 727 actions bifurcated. The § 727 counts were tried in January 1999.

At the conclusion of Goldberger's case-in-chief, Massouds moved for dismissal. The bankruptcy court granted the motion with respect to one claim and denied it as to the remainder. At the conclusion of Massouds' case, the bankruptcy court

found for them on one claim, and for Goldberger on § 727(a)(3), failure to keep adequate records, and on § 727(a)(5), failure to explain loss of assets. Written findings of fact, and separate conclusions of law and judgment (which also dismissed the § 523 claims as moot) were entered on 12 March 1999.

Massouds moved for reconsideration, which was denied, and then timely appealed. Massouds do not assign error to the order denying reconsideration.

### II. ISSUES

A. Whether appellants have provided an adequate record.

B. Whether the pre-trial order's omission of the issue of Aiko Massoud's liability under § 727(a)(3) and (a)(5) deprived her of due process.

C. Whether the bankruptcy court erred in including in the final judgment findings related to the dismissed § 727(a)(4) claim.

### III. DISCUSSION

#### A. *Inadequate Record*

Massouds assign error to the bankruptcy court's findings that they failed to keep adequate records and that they failed to satisfactorily explain a loss of assets. In addition, Massouds assert the evidence does not support a finding that Elias and Aiko Massoud should be liable under §§ 727(a)(3) and (a)(5).

Our Rule 8006–1 (formerly 9th Circuit BAP Rule 4(c)) provides: "The excerpts of the record shall include the transcripts necessary for adequate review in light of the standard of review to be applied to the issues before the Panel."

We review findings of fact for clear error. *Burkhart v. Federal Deposit Ins. Corp. (In re Burkhart),* 84 B.R. 658,

---

1. Absent contrary indication, all section and chapter references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330.

660 (9th Cir. BAP 1988) (citing *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573–74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); other citations omitted). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the *entire evidence* is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948) (emphasis added). Thus, to review a factual finding for clear error, we must have before us the entire transcript, and all other relevant evidence considered by the bankruptcy court. *See Burkhart*, 84 B.R. at 660–61. These have not been provided: Massouds have furnished only 13 pages from a trial transcript exceeding 300 pages, and none of the trial exhibits. Goldberger supplemented the record with additional pages from the transcript and the trial exhibits, but we are missing significant portions of the transcript.

■■■ It is appellants' responsibility to provide an adequate record, and they have the burden of showing the bankruptcy court's findings of fact clearly erroneous. *Abrams v. Sea Palms Associates, Ltd. (In re Abrams)*, 229 B.R. 784, 789 (9th Cir. BAP 1999). They have done neither. We may affirm where the record is inadequate to show clear error, *see Friedman v. Sheila Plotsky Brokers, Inc. (In re Friedman)*, 126 B.R. 63, 68 (9th Cir. BAP 1991), and we do so here.

**B.   *Due Process***

Massouds note that the pre-trial order did not include as an issue Aiko Massoud's liability on the § 727(a)(3) and (a)(5) counts. Accordingly, Massoud argue that the bankruptcy court exceeded its jurisdiction in finding her liable, and that she was deprived of notice that she needed to provide a defense. Although not framed as such, Massouds implicitly argue that Ms. Massoud was denied due process.

■■■ The pre-trial order states the factual issue of whether Chucri and Elias Massoud failed to keep adequate records is to be litigated. Aiko Massoud is not mentioned respecting that issue. But a pre-trial order is not jurisdictional: it is to assist the court and the parties in narrowing issues for trial. Moreover, a pretrial order "should be liberally construed to permit any issues at trial that are 'embraced within its language.' ... [A] pre-trial order may be amended informally by a trial court's findings when facts supporting those findings were put before the court." *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 368 (9th Cir.1985) (citations omitted). Such is the case here. Without the entire record, we cannot say the finding was clearly erroneous.

■■■ In any event, nothing in the record indicates the Massouds objected to evidence arguably beyond the ambit of the pretrial order, or that they otherwise raised these arguments in the bankruptcy court, either at trial or on reconsideration. Accordingly, the arguments are not properly before us. *See Lowenschuss v. Selnick (In re Lowenschuss)*, 171 F.3d 673, 682 n. 11 (9th Cir.1999).

**C.   *Finding on Dismissed Count***

■■■ The bankruptcy court found: "On the issue of [f]alse statements under 11 U.S.C. § 727(a)(4), the court finds that it is apparent that answer # 1 in Chucri Massoud's Statement of [Affairs] regarding his income was false, however, the court does not find an intent to conceal." Massouds argue, without citation to authority, that this finding is inappropriate, because the bankruptcy court dismissed the count. They argue not that the finding is erroneous, but only that it should not have been included.

■■■ The bankruptcy court's ruling on the motion to dismiss was an interlocutory order which merged into the final judgment. *See Elliott v. Four Seasons Properties (In re Frontier Properties, Inc.)*, 979

F.2d 1358, 1364 (9th Cir.1992). The findings relevant to that ruling were appropriately included in the judgment.

### IV.  CONCLUSION

Appellants have not provided a record sufficient to demonstrate clear error, nor have they shown error in the entry of judgment against Aiko Massoud. AFFIRMED.