FILED

AUG 21 2017

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No. CC-16-1439-LTaKu |
| ) | |
| BRYN F. POOLE, ) | Bk. No. 9:15-bk-11394-PC |
| ) | |
| Debtor. ) | Adv. No. 9:15-ap-01072-PC |
| _____ ) | |
| ) | |
| BARBARA DONAHUE, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **M E M O R A N D U M**[*] |
| ) | |
| BRYN F. POOLE, ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Argued and Submitted on July 27, 2017
at Pasadena, California

Filed - August 21, 2017

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Peter H. Carroll, Bankruptcy Judge, Presiding
_____

Appearances:   Barbara Donahue, Appellant, appeared pro se; no
appearance by Appellee.
_____

Before: LAFFERTY, TAYLOR, and KURTZ, Bankruptcy Judges.

---

[*]This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has no precedential value.
See 9th Cir. BAP Rule 8024-1.

**INTRODUCTION**

After trial, the bankruptcy court entered judgment for defendant on Appellant Barbara Donahue's complaint against chapter 7[1] debtor Bryn Poole. The complaint sought (i) a declaration that a state court judgment arising out of a motor vehicle accident was nondischargeable under §§ 523(a)(6) and (a)(9) and (ii) denial of discharge under various subsections of § 727(a).

The bankruptcy court entered judgment for Debtor because Ms. Donahue failed to meet her burden of proof on any of her claims. In this appeal, Ms. Donahue has not provided us with a sufficient record of the trial for us to ascertain any error in the bankruptcy court's findings. Accordingly, we AFFIRM.

**FACTS**

Debtor filed a chapter 7 petition on July 6, 2015. Ms. Donahue and her son, Connor, acting pro se, filed a timely complaint objecting to the discharge of the debt owed to them and seeking denial of discharge.[2]

---

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2]The complaint and amended complaint were filed jointly by Ms. Donahue and Connor. The underlying state court judgment is in Connor's name only. According to the bankruptcy court's findings, the state court judgment was assigned to Ms. Donahue on June 20, 2014; thus it is unclear why Connor was included as a plaintiff in the subsequently filed adversary proceeding.

-2-

According to the original complaint,[3] in 2013 Connor obtained a judgment in small claims court against Debtor for $7,500 for property damage and personal injuries arising from a 2011 automobile accident in which Debtor was allegedly under the influence of prescription pain medication. Debtor appealed the judgment, which was affirmed by the Los Angeles County Superior Court. The complaint alleged that Debtor admitted under oath that he had taken prescription pain killers.

The complaint and amended complaint[4] also alleged that Debtor had failed to respond to subpoenas and that Debtor had made misrepresentations and/or failed to disclose assets and liabilities in his bankruptcy schedules and statements, including Debtor's interests in a family trust and businesses and an allegedly nondischargeable $616.50 debt owed to the Los Angeles Superior Court.

The complaint sought a judgment of nondischargeability pursuant to § 523(a)(6), for debt incurred as a result of willful and malicious injury, and under § 523(a)(9), which excepts from discharge debts arising from "death or personal injury caused by the debtor's operation of a motor vehicle, vessel, or aircraft if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance[.]"

---

[3]We have exercised our discretion to take judicial notice of documents electronically filed in the adversary proceeding and in the underlying bankruptcy case. See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[4]The "amended complaint" appears to be an addendum to the original complaint.

-3-

Additionally, the bankruptcy court interpreted the complaint as alleging claims for denial of discharge under § 727(a)(2)(A) (fraudulently concealing assets); (a)(3) (failure to keep adequate records); (a)(4) (false oath); (a)(5) (failure to explain loss of assets); and (a)(6) (refusal to obey lawful court order).

After Debtor answered the complaint, the bankruptcy court granted the parties' request to assign the matter to mediation. Debtor did not appear at the scheduled mediation, and the bankruptcy court set the matter for trial on November 4, 2016. For reasons that are not entirely clear, the trial was then postponed to December 12, 2016.

At the conclusion of the trial, the bankruptcy court made oral findings and stated legal conclusions on the record and entered judgment in favor of Debtor. Ms. Donahue timely appealed but subsequently filed a motion for reconsideration, which the bankruptcy court denied for lack of jurisdiction. Debtor has not filed a brief or otherwise participated in this appeal.

Ms. Donahue did not provide a hearing transcript with her excerpts of the record. In response to the Panel's order, she filed a partial transcript that included only the bankruptcy court's findings and conclusions.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I) and (J). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

A. Did the bankruptcy court err in entering judgment in

-4-

favor of Debtor on Ms. Donahue's claims under §§ 523(a)(6) and (a)(9)?

B.    Did the bankruptcy court err in entering judgment in favor of Debtor on Ms. Donahue's claims under §§ 727(a)(2)(A), (a)(3), (a)(4), (a)(5), and (a)(6)?

**STANDARDS OF REVIEW**

We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. See Petralia v. Jercich (In re Jercich), 238 F.3d 1202, 1205 (9th Cir. 2001).

A finding that an injury is willful under § 523(a)(6) is a factual finding that is reviewed for clear error, see Gee v. Hammond (In re Gee), 173 B.R. 189, 192 (9th Cir. BAP 1994), as is a finding that an injury is malicious. Thiara v. Spycher Bros. (In re Thiara), 285 B.R. 420, 427 (9th Cir. BAP 2002).

Similarly, findings of fraudulent intent under § 727(a)(4) and whether a debtor harbors an intent to hinder, or delay, or defraud a creditor under § 727(a)(2) are questions of fact reviewed for clear error. Retz v. Samson (In re Retz), 606 F.3d 1189, 1197 (9th Cir. 2010); Wolkowitz v. Beverly (In re Beverly), 374 B.R. 221, 243 (9th Cir. BAP 2007), aff'd in part, dismissed in part, 551 F.3d 1092 (9th Cir. 2008). And whether a debtor has satisfactorily explained a loss of assets under § 727(a)(5) is also a question of fact that we review for clear error. In re Retz, 606 F.3d at 1205.

A factual determination is clearly erroneous if it is "illogical, implausible, or without support in the record." United States v. Hinkson, 585 F.3d 1247, 1261-62 & n.21 (9th Cir. 2009) (en banc). Where two permissible views of the evidence

-5-

exist, the factfinder's choice between them cannot be clearly erroneous. Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985). We are to give "due regard to the trial court's opportunity to judge the witnesses' credibility." Civil Rule 52(a)(6) (incorporated via Rule 7052). See also Anderson, 470 U.S. at 575 (when factual findings are based on determinations regarding the credibility of witnesses, the appellate court must give great deference to the bankruptcy court's findings because the bankruptcy court had the opportunity to note variations in demeanor and tone of voice that bear heavily on the listener's understanding of and belief in what is said).

We also give deference to inferences drawn by the trial court. Beech Aircraft Corp. v. United States, 51 F.3d 834, 838 (9th Cir. 1995).

**DISCUSSION**

**A. Appellant has not demonstrated that the bankruptcy court erred in granting judgment in favor of Debtor on Appellant's § 523 claims.**

Exceptions to discharge are construed liberally in favor of debtors and strictly against creditors. In re Retz, 606 F.3d at 1196. The party asserting that a claim is nondischargeable bears the burden of proof by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 286-91 (1991).

The bankruptcy court found that Ms. Donahue had not met her burden on either of her nondischargeability claims against Debtor. Taking each claim in turn:

## 1. Section 523(a)(6) - Debt for willful and malicious injury

Section 523(a)(6) prevents discharge of a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."  For this exception to apply, the debtor must have intended the consequences of the act, not simply the act itself. <u>Ormsby v. First Am. Title Co. of Nev. (In re Ormsby)</u>, 591 F.3d 1199, 1206 (9th Cir. 2010) (citing <u>Kawaauhau v. Geiger (In re Geiger)</u>, 523 U.S. 57, 60 (1998)).  The plaintiff must show both willfulness and maliciousness. <u>Id.</u> Section 523(a)(6)'s willful injury requirement is met "only when the debtor has a subjective motive to inflict injury or when the debtor believes that injury is substantially certain to result from his own conduct." <u>Id.</u> (quoting <u>Carrillo v. Su (In re Su)</u>, 290 F.3d 1140, 1142 (9th Cir. 2002)).

The bankruptcy court found for Debtor on this claim because Ms. Donahue had not presented any evidence at trial establishing that Debtor committed an intentional tort in conjunction with the accident.  Ms. Donahue does not explicitly contend that this finding was in error, and in any event, without a complete trial transcript, we cannot determine that this finding was clearly erroneous.

## 2. Section 523(a)(9) - Debt for personal injury caused by debtor's operation of a motor vehicle while intoxicated

Section 523(a)(9) excepts from discharge any debt "for death or personal injury caused by the debtor's operation of a motor vehicle, vessel, or aircraft if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or

-7-

another substance." To except a debt from discharge under this subsection, the bankruptcy court must find (1) that a personal injury or death occurred; (2) as a result of a motor vehicle accident; (3) caused from a debtor's operation of a motor vehicle while (4) unlawfully intoxicated by alcohol, a drug or another substance. Bucher v. Hughes (In re Hughes), 488 B.R. 169, 175 (Bankr. D. Mont. 2013).

According to the bankruptcy court's ruling, no evidence was presented at trial that Debtor was operating the motor vehicle unlawfully because he was intoxicated or using a drug or other substance. The court noted that Debtor had testified at trial that he was not using pain killers at the time of the accident and that Ms. Donahue had presented no evidence to the contrary. Again, we cannot find clear error without a complete trial transcript.

**B.** **Appellant has not demonstrated that the bankruptcy court erred in granting judgment in favor of Debtor on Appellant's § 727 claims.**

As with claims seeking to except a debt from discharge, the party who seeks denial of discharge bears the burden of proof by a preponderance of the evidence. In re Retz, 606 F.3d at 1196. And as with the § 523(a) claims, the bankruptcy court found that Ms. Donahue had not met her burden of proof on any of the § 727(a) claims.

**1.** **Section 727(a)(2)(A) - transfer or concealment of property with intent to hinder, delay, or defraud a creditor**

Under § 727(a)(2)(A), the debtor will not receive a

-8-

discharge if the bankruptcy court finds that

> the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed[,] . . . property of the debtor, within one year before the date of the filing of the petition[.]

A plaintiff asserting a claim under this subsection must prove (1) a disposition of property, such as transfer or concealment, and (2) a subjective intent on the debtor's part to hinder, delay or defraud a creditor through the act of disposing of the property. In re Retz, 606 F.3d at 1200.

Although Debtor did not initially list on his schedules his interest in the family trust, he amended his Schedule B to disclose it approximately three months after the petition date. According to the bankruptcy court, Debtor testified that he knew he was a beneficiary of the trust but that he knew nothing about the trust itself, other than that his father was the trustee. Debtor also testified that he did not know anything about the corpus of the trust and had not received any distributions from the trust. And the bankruptcy court found that no evidence had been presented that the three-month interval between the petition date and the date Debtor filed his amended Schedule B misled the trustee, delayed administration of the estate, or resulted in prejudice to creditors.

According to the bankruptcy court's findings, the evidence showed that on February 20, 2016, the chapter 7 trustee had gone to the residence of Debtor's father, William Poole, and reviewed the family trust documents. The trustee discovered that when

William's first wife had died, an irrevocable bypass trust was formed that was "contingent upon the passing" of William and that Debtor was a beneficiary under that trust (presumably meaning that the vesting of Debtor's rights in the irrevocable trust was contingent upon William's death). Thereafter, the trustee withdrew his no asset report and, at the time of trial, was investigating whether the estate's interest in any of the trust's assets should be liquidated for the benefit of creditors. The bankruptcy court observed that the trustee had not filed an adversary proceeding to recover any trust assets, but, because Ms. Donahue was the only creditor listed in Debtor's schedules, she would be the beneficiary of any liquidation that the trustee elected to do.

Finally, although the bankruptcy court noted that Debtor was "probably guilty of sloppiness in the preparation of schedules and statements in his rush to discharge the Plaintiffs' debt in this bankruptcy case[,]" it could not find that Debtor "initially failed to disclose that he was a beneficiary of a trust with the intent to hinder, delay, or defraud a creditor of this bankruptcy case."

Ms. Donahue argues that Debtor "fraudulently concealed" the trust, noting that Debtor did not amend his schedules until after the 341 meeting at which he was "called out" for his failure to disclose the trust. Ms. Donahue, however, does not point to any evidence she presented at trial suggesting that Debtor acted with intent to hinder, delay, or defraud and, again, without a complete trial transcript and admitted exhibits, we cannot find clear error in the bankruptcy court's findings.

## 2. Section 727(a)(3) – Failure to Keep Adequate Records

Under § 727(a)(3) the debtor may be denied a discharge if he or she has "concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case[.]" The purpose of this subsection is "to make discharge dependent on the debtor's true presentation of his financial affairs. . . . the debtor must present sufficient written evidence which will enable his creditors reasonably to ascertain his present financial condition and to follow his business transactions for a reasonable period in the past." Caneva v. Sun Cmtys. Operating Ltd. P'ship (In re Caneva), 550 F.3d 755, 761 (9th Cir. 2008) (citations omitted).

This claim was based on Debtor's failure to maintain any books and records for his sole proprietorship, Horizon Home Theater. According to the bankruptcy court, Debtor had testified that he did not keep any books or records for that entity because it generated very little income, an average of $391 per month according to Debtor's Schedule I. No evidence to the contrary was presented and, given the minimal amount of income involved, the bankruptcy court found that Debtor had satisfactorily explained his financial condition prior to the bankruptcy filing.

Ms. Donahue argues that the bankruptcy court erred in granting judgment for Debtor on this claim because Debtor admitted to being paid in cash and personal checks and having no financial records, which made it impossible to verify his income.

Again, we do not have a complete record from which to ascertain whether the bankruptcy court clearly erred. Moreover, the bankruptcy court apparently believed Debtor's explanation, and we must defer to the bankruptcy court's credibility determinations. Anderson, 470 U.S. at 575.

**3. Section 727(a)(4) – False Oath**

Section 727(a)(4)(A) provides that a discharge shall be denied if "the debtor knowingly and fraudulently, in or in connection with the case[,] made a false oath or account." A false statement or omission in the debtor's bankruptcy schedules or statement of financial affairs may constitute a false oath. In re Retz, 606 F.3d at 1196. "The fundamental purpose of § 727(a)(4)(A) is to insure that the trustee and creditors have accurate information without having to conduct costly investigations." Id. (citation omitted).

A plaintiff seeking denial of discharge under this subsection must prove that: (1) the debtor made a false oath in connection with the case; (2) the oath related to a material fact; (3) the oath was made knowingly; and (4) the oath was made fraudulently. Id. at 1197.

Ms. Donahue's claim under this subsection was based in part upon Debtor's failure initially to list his interest in the family trust. Although the bankruptcy court found that the omission was material, the bankruptcy court granted judgment for Debtor on this claim for the same reason it granted judgment on the § 727(a)(2)(A) claim: no evidence was presented that Debtor's initial failure to list the trust was knowing and intentional.

Ms. Donahue also alleged that Debtor had not disclosed all

-12-

of his income on Schedule I. The bankruptcy court, however, found that there was no evidence that Debtor had income other than what was disclosed on Schedule I or the Statement of Financial Affairs.

On appeal, Ms. Donahue contends that Debtor made a false oath by not disclosing that the family trust pays his living expenses. From the record provided, it does not appear that this argument was raised in the bankruptcy court. Accordingly, it is waived. Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 321 F.3d 878, 882 (9th Cir. 2003).

### 4. Section 727(a)(5) – Failure to Satisfactorily Explain a Loss of Assets

Under § 727(a)(5), a discharge shall be denied if the court finds that "the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." The objecting party must demonstrate: (1) debtor at one time, not too remote from the bankruptcy petition date, owned identifiable assets; (2) debtor no longer owned the assets on the petition date; and (3) the bankruptcy pleadings or statement of affairs do not reflect an adequate explanation for the disposition of the assets. In re Retz, 606 F.3d at 1205. Once this showing is made, the debtor must offer credible evidence regarding the disposition of the missing assets. Id.

Regarding this claim, the bankruptcy court found that there was no evidence of a failure to explain a loss of assets. The only testimony presented was concerning Debtor's omission of his interest in the family trust on Schedule B, which had been

-13-

corrected by amendment; and again, no evidence had been presented that Debtor had income other than what was disclosed on Schedule I. Without a complete trial transcript, we cannot conclude that these findings were clearly erroneous.

**5. Section 727(a)(6)(A) – Refusal to Obey Any Lawful Order of the Court**

According to the bankruptcy court, this claim was based on Debtor's failure to comply with four subpoenas to appear and testify and his failure to appear at mediation.

Under § 727(a)(6)(A), a debtor is not entitled to a discharge if "the debtor has refused, in the case . . . to obey any lawful order of the court, other than an order to respond to a material question or to testify[.]" The party objecting to discharge bears the burden to prove by a preponderance of the evidence that the debtor (a) was aware of the order; and (b) willfully or intentionally refused to obey the order, which requires more than a mere failure to obey the order through inadvertence, mistake or inability to comply. Gugino v. Clark (In re Clark), 525 B.R. 442, 463 (Bankr. D. Idaho 2015), aff'd, No. AP 13-06042-TLM, 2016 WL 1377807 (9th Cir. BAP Mar. 29, 2016), aff'd sub nom., Clark v. Gugino (In re Clark), No. 16-60026, 2017 WL 2963539 (9th Cir. July 12, 2017). The burden then shifts to the debtor to demonstrate why the discharge should not be denied. Id.

The bankruptcy court correctly noted that under the applicable standard, failure to respond to a subpoena is not sufficient to deny discharge; rather, there must be evidence of a **refusal** to respond to a lawfully issued and properly served

-14-

subpoena to testify and produce documents.

According to the bankruptcy court's findings, no proofs of service were presented at trial showing that subpoenas were properly served on Debtor. Ms. Donahue argues that this finding was in error because the subpoenas were date stamped and showed they were filed with the court and served. Ms. Donahue does not explain where in the record those subpoenas may be found, and as noted, without a complete record of the trial, we are unable to determine whether the bankruptcy court clearly erred in this finding.

In any event, based on the testimony at trial, the bankruptcy court inferred that Debtor had received one or more of the subpoenas but that he did not respond because he did not have the trust documents in his possession or control. Accordingly, the court found that there was insufficient evidence from which to find that Debtor had refused to comply with the subpoenas.

Ms. Donahue seems to argue that the bankruptcy court erred in not holding Debtor in contempt of court, denying his discharge, or continuing the hearing and demanding that Debtor furnish the subpoenaed information. However, the bankruptcy court has "broad discretion to determine if a particular violation of its orders is so serious as to require the denial of discharge under § 727(a)(6)(A)." In re Clark, 525 B.R. at 463 (citing Devers v. Bank of Sheridan, Montana (In re Devers), 759 F.2d 751, 755 (9th Cir. 1985), and Cutter v. Seror (In re Cutter), 2010 WL 6467694, at *12 (9th Cir. BAP Oct. 21, 2010)). Ms. Donahue has not shown that the bankruptcy court abused that discretion.

-15-

Similarly, the bankruptcy court found that there was insufficient evidence from which to find a refusal to comply with the court's order directing the parties to mediation. Although the mediator testified that she had provided notice to Debtor, Debtor testified that he did not attend the mediation because he did not receive the notice. Again, the bankruptcy court apparently believed Debtor's testimony, and we must defer to its credibility finding.

## C. Appellant's procedural arguments are unavailing.

In addition to her arguments regarding the merits, Ms. Donahue contends that the bankruptcy court erred by continuing the trial date from November 4, 2016 to December 12, 2016 without consulting her. Ms. Donahue argues that she had spent money on subpoenas, travel fees, and witness fees for the November 4 trial date and could not afford to serve new subpoenas or pay additional fees to her witnesses. Nothing in the record before us definitively explains why the trial was postponed, although the bankruptcy docket reflects that on October 27, 2016, shortly before the scheduled trial date, Debtor filed a substitution of attorney. Four days later, Ms. Donahue filed a document entitled "Judicial Notice & Opposition to Any Motion That May Be Filed to Postpone Trial." In that document, Ms. Donahue stated that she opposed any postponement of the trial because she had "spent hundreds of dollars on witness' fees and serving subpoenas all for November 4. It would not only be a hardship but financially impossible for Plaintiff to afford to re-serve these people, pay their fees and hope that they are available on another date."

-16-

Nothing in the record reflects whether the bankruptcy court considered this pleading or if Ms. Donahue raised this argument at trial. Again, without a complete record, we cannot find error in the bankruptcy court's postponement of the trial.

Ms. Donahue also argues that the bankruptcy court erred in permitting Debtor's new counsel, Andrew Smyth, to file papers and be heard at trial because he had not been substituted as counsel. Mr. Smyth, however, did not file any papers in the bankruptcy court before he filed the substitution of counsel on October 27. Ms. Donahue seems to conflate filing the substitution of counsel with serving it: she states that she was not served with any substitution of counsel. The proof of service attached to the substitution of counsel shows that it was served on Ms. Donahue, but the P.O. Box number listed on the proof of service appears to be missing a number when compared to Ms. Donahue's address listed on the bankruptcy court docket. Thus it is possible that Ms. Donahue did not receive it. Ms. Donahue also alleges that Mr. Smyth called her and threatened her if she did not settle the case for $100. Ms. Donahue, however, does not explain how any of these circumstances were prejudicial to her or constituted error by the bankruptcy court on the merits.

**D.    Appellant has not provided an adequate record on appeal.**

An appellant's excerpts of the record are required to contain "any findings, conclusions, or opinions relevant to the appeal" and "any relevant transcript or portion of it." Rule 8018(b)(1)(D) & (F).  BAP Local Rule 8009-1 provides that "[t]he excerpts of the record shall include the transcripts necessary for adequate review in light of the standard of review

-17-

to be applied to the issues before the Panel. The Panel is required to consider only those portions of the transcript included in the excerpts of the record."

Pro se litigants are not excused from complying with court rules. Clinton v. Deutsche Bank Nat'l Trust Co. (In re Clinton), 449 B.R. 79, 83 (9th Cir. BAP 2011). As noted, Ms. Donahue did not provide a hearing transcript with her excerpts of the record but she eventually filed a partial transcript containing only the bankruptcy court's findings and conclusion.

While the findings and conclusions are useful, without a complete transcript of the trial, we cannot determine whether the bankruptcy court clearly erred in its factual findings. Such review requires us to have before us the entire transcript and all other relevant evidence considered by the bankruptcy court. Massoud v. Ernie Goldberger & Co. (In re Massoud), 248 B.R. 160, 162-63 (9th Cir. BAP 2000). Moreover, Ms. Donahue's excerpts of record are not helpful. Those documents include copies of subpoenas, emails, and other documents that may or may not have been filed or admitted into evidence in the bankruptcy court. Without a complete trial transcript, we cannot ascertain whether any of those documents were considered by the bankruptcy court at trial.

Additionally, Ms. Donahue's brief does not include any citations to the record, as required under Rule 8014(a)(6) and (a)(8). We are not obligated to search the record for error. Cogliano v. Anderson (In re Cogliano), 355 B.R. 792, 803 (9th Cir. BAP 2006).

We may affirm where the record is inadequate to show clear

-18-

error, see Friedman v. Sheila Plotsky Brokers, Inc. (In re Friedman), 126 B.R. 63, 68 (9th Cir. BAP 1991), overruled on other grounds by Zachary v. Cal. Bank & Tr., No. 13-16402, 811 F.3d 1191, 2016 WL 360519 (9th Cir. Jan. 28, 2016), and, as explained above, we do so here.[5]

## CONCLUSION

For all of these reasons, we AFFIRM.

---

[5]On July 19, 2017, Ms. Donahue filed with the BAP Clerk a "Presentation of Additional Citations" listing various case citations. The purpose of this filing is unclear. In any event, it was filed too late to be considered by the Panel.

-19-