FILED

AUG 12 2013

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | | |
|---|---|---|
| In re: | ) | BAP No.   NC-12-1425-JuTaPa |
| | ) | |
| ADALBERTO PEREZ JIMENEZ, | ) | Bk. No.   12-42231-WJL |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| OLIVIA PEREZ, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **M E M O R A N D U M**[*] |
| | ) | |
| ADALBERTO PEREZ JIMENEZ, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |
| _____ | ) | |

Submitted Without Oral Argument on July 25, 2013

Filed - August 12, 2013

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable William J. Lafferty, Bankruptcy Judge, Presiding

_____

Appearances:     Appellant Olivia Perez pro se on brief; Peter
Christopher Pappas, Esq., on brief for appellee
Adalberto Perez Jimenez.

_____

Before:  JURY, TAYLOR, and PAPPAS, Bankruptcy Judges.

_____

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

-1-

Appellant, Olivia Perez, filed a proof of claim (POC) in the chapter 13[1] case of her former husband, Adalberto Perez Jimenez (Adalberto or debtor). Olivia's POC asserted a domestic support obligation for $245,000 entitled to priority under § 507(a)(1)(A). Debtor objected to her claim on the ground that it represented an equalizing payment rather than a claim for support. The bankruptcy court sustained debtor's objection, finding that Olivia's claim was a general unsecured claim. This appeal followed. We AFFIRM.

## I.  FACTS

Adalberto was married to Olivia for approximately ten years. In December 2012, they divorced and entered into a martial settlement agreement (MSA). Both parties were represented by counsel. Under the MSA, each party gave up the right to receive spousal support from the other. The MSA also contained an equalizing payment of $245,000 whereby Adalberto would pay Olivia that amount by making monthly payments ranging from $750 to $1,300 until the amount was paid. Adalberto made some payments under the agreement.

On March 12, 2012, Adalberto filed his chapter 13 petition. He listed Olivia on Schedule E as a creditor holding a domestic support obligation and asserted that he was current on the payments.

Debtor's chapter 13 plan was a stepped-up five-year plan

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532 and "Rule" references are to the Federal Rules of Bankruptcy Procedure.

with a 4% dividend to general unsecured claims. It also paid priority claimants under § 507 in full. The chapter 13 trustee objected to debtor's plan because he could not complete it within sixty months if Olivia's $245,000 claim was entitled to priority.[2]

Debtor then objected to Olivia's POC on the grounds that it failed to take into consideration the amounts he had paid and that the MSA made clear that (1) no spousal support payments were due and (2) the $245,000 amount was an equalizing payment. In response, Olivia argued that although the MSA indicated there were no further spousal obligations, that provision was not determinative on the issue under the holding in Friedkin v. Sternberg (In re Sternberg), 85 F.3d 1400 (9th Cir. 1996), overruled on other grounds by Murray v. Bammer (In re Bammer), 131 F.3d 788, 792 (9th Cir. 1997) (en banc). Olivia also submitted a declaration stating that at the time of her separation from debtor, she had not worked for three years and that debtor's payments to her pursuant to the MSA were intended to assist her in getting back on her feet.

On July 18, 2012, the bankruptcy court heard the matter and sustained debtor's objection. Olivia filed her notice of appeal on August 14, 2012. On November 29, 2012, the bankruptcy court entered the order sustaining debtor's objection to

---

[2] Section 1322(a)(2) requires that the plan "provide for the full payment . . . of all claims entitled to priority under section 507 of [title 11]. . . ." Thus, if an equalizing payment is a "domestic support obligation," it must be paid in full through the debtor's chapter 13 plan, unless the former spouse agrees otherwise.

-3-

Olivia's POC.  Accordingly, Olivia's appeal was timely.  <u>See</u> Rule 8002(a) (providing that a notice of appeal filed after announcement of bankruptcy court's decision, but before entry of an order, is to be treated as filed after such entry).

## II.  JURISDICTION

The bankruptcy court had jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (B).  We have jurisdiction under 28 U.S.C. § 158.

## III.  ISSUE

Whether the bankruptcy court erred when it determined that the equalizing payment was not a domestic support obligation entitled to priority status under § 507(a)(1)(A).[3]

## IV.  STANDARDS OF REVIEW

We review mixed questions of law and fact de novo. <u>Wechsler v. Macke Int'l Trade, Inc. (In re Macke Int'l Trade, Inc.)</u>, 370 B.R. 236, 245 (9th Cir. BAP 2007).  A mixed question exists when the facts are established, the rule of law is undisputed, and the issue is whether the facts satisfy the legal standard.  <u>In re Bammer</u>, 131 F.3d at 792.  Thus, whether a claim is entitled to priority status is a mixed question of law and

---

[3] Olivia has framed the issue on appeal as whether equalization payments between spouses are dischargeable.  While a debt of the kind described in § 523(a)(15) is nondischargeable in chapters 7, 11 and 12, the expanded discharge provided for in chapter 13 cases covers debts such as this.  Therefore, if the equalization payment is not a domestic support obligation, it would constitute a debt under § 523(a)(15), and could be discharged in debtor's chapter 13, even if not paid.  However, to obtain a discharge, a chapter 13 debtor must complete all payments under the plan unless certain exceptions are found to apply.  <u>See</u> § 1328.

-4-

fact that we review de novo.

Our review of a mixed question begins by ascertaining whether the bankruptcy court committed clear error in its findings of fact. In the context of this appeal, we review the bankruptcy court's factual determination that the debt was not based on spousal support for clear error. Beaupied v. Chang (In re Chang), 163 F.3d 1138, 1140 (9th Cir. 2000) (Whether a debt is actually in the nature of support is a "factual determination made by the bankruptcy court as a matter of federal bankruptcy law."). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). "A court's factual determination is clearly erroneous if it is illogical, implausible, or without support in the record." Retz v. Samson (In re Retz), 606 F.3d 1189, 1196 (9th Cir. 2010) (citing United States v. Hinkson, 585 F.3d 1247, 1261-62 & n.21 (9th Cir. 2009) (en banc)).

The next step in our review of a mixed question is determining whether the facts satisfy a legal rule. This is a matter of statutory construction. We review a bankruptcy court's statutory construction and conclusions of law, including interpretation of provisions of the Bankruptcy Code, de novo. Einstein/Noah Bagel Corp. v. Smith (In re BCE W., L.P.), 319 F.3d 1166, 1170 (9th Cir. 2003). We therefore review de novo the bankruptcy court's determination that a debt does not constitute a domestic support obligation within the meaning of

-5-

§ 507(a)(1)(A). De novo means review is independent, with no deference given to the trial court's conclusion. See Rule 8013.

## V. DISCUSSION

Section 507(a)(1), enacted as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), provides first priority status for a debt which is a domestic support obligation. Section 507(a)(1)(A) provides: "The following expenses and claims have priority in the following order: (1) First: (A) Allowed unsecured claims for domestic support obligations that, as of the date of the filing of the petition in a case under this title, are owed to or recoverable by a . . . former spouse. . . ."

The term "domestic support obligation" is defined in § 101(14A):

a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—

(A) owed to or recoverable by—

(i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or

. . .

(B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;

(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—

(i) a separation agreement, divorce decree, or

-6-

property settlement agreement; [or]

(ii) an order of a court of record; or

(iii) a determination made in accordance with applicable non-bankruptcy law by a governmental unit; and

(D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

Our review of the MSA shows that the equalizing payment at issue here is a debt (1) that accrued before the order for relief in debtor's chapter 13 case, (2) that is owed to his former spouse, Olivia, (3) that was established prepetition by reason of applicable provisions of a "divorce decree . . . or property settlement agreement," and (4) that has not been assigned to a nongovernmental entity. The only issue in dispute is whether the equalizing payment is "in the nature of alimony, maintenance, or support."

Whether a debt is actually in the nature of support is a "factual determination made by the bankruptcy court as a matter of federal bankruptcy law." In re Chang, 163 F.3d at 1140. "In determining whether a debtor's obligation is in the nature of support, the intent of the parties at the time the settlement agreement is executed is dispositive." In re Sternberg, 85 F.3d at 1405.

A trial court should consider several factors in determining how the parties intended to characterize the obligation. Foremost, the trial court should consider whether the recipient spouse actually needed spousal support at the time of the divorce. In determining whether spousal support was necessary, the trial court should examine if there was an 'imbalance in the relative income of the parties' at the time of the divorce decree. The trial court should also

consider whether the obligation terminates upon the death or remarriage of the recipient spouse and whether the payments are 'made directly to the recipient spouse and are paid in installments over a substantial period of time.' Finally, the labels given to the payments by the parties may be looked at as evidence of the parties' intent.

Id.

Here, we can proceed no further with our review because Olivia failed to provide the transcript of the July 28, 2012 hearing, where the bankruptcy court announced its oral findings and conclusions. Rule 8009(b) requires an appellant to file an appendix to her brief with excerpts of the record, including a transcript of the opinion, findings of fact, or conclusions of law delivered orally by the court. On November 23, 2012, the Panel issued an Order re Prosecution of Appeal which warned Olivia of the consequences of her failure to provide a transcript. Despite this notice, Olivia failed to respond.

Olivia had the burden of showing the bankruptcy court's findings of fact were clearly erroneous. See Massoud v. Ernie Goldberger & Co. (In re Massoud), 248 B.R. 160, 163 (9th Cir. BAP 2000). We may affirm where the record is inadequate to show clear error, see Friedman v. Sheila Plotsky Brokers, Inc. (In re Friedman), 126 B.R. 63, 68 (9th Cir. BAP 1991), and we do so here.

### VI. CONCLUSION

For the reasons stated, we AFFIRM.